HINSON v. BAILEY ET AL.

1. **Deed:** DELIVERY: WHAT IS. The mother of the defendants went with one of them to a justice of the peace and signed and acknowledged a deed before him, conveying to the defendants the land in question. She then left the deed in the custody of the justice, with instructions to keep it until she had died, and then file it for record. The justice told her that she could have the deed whenever she wanted it, but she replied, "I don't want it. You must keep it till I die." She also told the defendant who accompanied her that she had deeded the land to her. *Held* that it was the intention of the grantor that the deed should take effect immediately, and that the recording of it only was designed to be postponed until after her death, and that the leaving it with the justice was a delivery to the grantees.

*Appeal from Des Moines District Court*—HON. C. H. PHELPS, Judge.

SATURDAY, DECEMBER 17.

ACTION for partition of certain land. The defendants, Sarah Bailey and Keziah Foster, deny that the plaintiff has any interest in the land, and aver that they are the sole owners of the same. The court found for the defendants, and dismissed the plaintiff's petition, and he appeals.

*Newman & Blake, D. Y. Overton* and *Poor & Baldwin*, for appellant.

*J. C. Power*, for appellee.

ADAMS, CH. J.—The land was formerly owned by one Eva Hinson, now deceased. The plaintiff and the defendants are her children and only heirs. The plaintiff avers that his mother, Eva Hinson, died intestate and seized of the land.

The defendants claim to be the owners of the same by deed from Eva Hinson. The plaintiff does not deny the execution of the deed, but avers that the grantor was not of sufficiently sound mind to execute a valid deed. He also avers that there was no delivery of the deed by the grantor.

As to the alleged lack of mental capacity of Mrs. Hinson to make the deed, we have to say that we have all read the evidence separately, and have all reached the conclusion that the plaintiff's position cannot be sustained.

The alleged want of delivery presents a question of more difficulty. The facts are that Mrs. Hinson had previously made a will devising the land to her daughters. Afterwards she concluded to revoke her will, and make a deed of the land to her daughters. She and the defendant Sarah Bailey went to a justice of the peace, and she signed and acknowledged a deed before him. She then left the deed in the custody of the justice, with instructions to keep it until she had died, and then file the deed for record. The justice told her that she could have the deed whenever she should want it, but she replied: "I don't want it. You must keep it until I die." She told the defendant Sarah Bailey, who had accompanied her to the justice, that she had deeded the land to her, as Mrs. Bailey understood. The plaintiff claims that the design of Mrs. Hinson was that the deed should take effect only after her death, and that, such being the fact, it was testamentary in its character, and invalid, because not executed with the formalities which would enable it to take effect as a will; citing *Leaver v. Gauss*, 62 Iowa, 314; *Baker v. Haskell*, 47 N. H., 479. The defendants contend that the grantor intended that the deed should take effect immediately, but that it should not be recorded until after her death, and that the justice of the peace was made by her custodian of the deed to carry out her intentions in that respect. In support of this, our attention is called to the fact that the evidence shows indisputably that Mrs. Hinson did not contemplate the possibility of reclaiming the deed, and did express

herself to Mrs. Bailey as having made a conveyance. In our opinion, this position must be sustained. It may be, as claimed by plaintiff, that she did not surrender possession to the grantees; but the circumstances are such that we cannot attach much importance to such fact. In view of what Mrs. Hinson appears to have said to the justice, and of what she said to Mrs. Bailey, we do not discover any motive which she could have had in making the justice the custodian, except to keep the deed from the record during her life. We reach the conclusion that she understood that it operated as a deed, and that the justice was the custodian for the grantees. We think the judgment must be

AFFIRMED.