WILLIAM H. LIPPOLD AND GUSTAVE LIPPOLD by their Guardian, L. B. SCHUSTER, Appellants, AND CHRIST RUSSMAN, RECA RUSSMAN AND FRED RUSSMAN by their Guardian, JOHN RUSSMAN, Plaintiffs, v. F. W. LIPPOLD, H. A. LIPPOLD, MINNIE ZIMMERMAN AND BELLE RUSSMAN, Defendants, GEORGE LIPPOLD, Appellee.

**Deeds:** DELIVERY: *Retention by grantor.* A deed made by a father, conveying land to a son, delivered to a third person, to be delivered to the son on the father's death, and so delivered, is 2    effective to pass title, where it was the intention of the grantor that it should become operative at once, but that enjoyment of the property by the grantee should be postponed until the grantor's death, notwithstanding the grantor retained the power to recall the instrument during his life.

**Appeal:** NOTICE OF APPEAL BY CO-PARTIES. Under Code, section 4111, which permits one or more of several co-parties to appeal, but requires them, in that case, to serve notice of appeal on all their co-parties, the supreme court will not entertain an appeal by 1    a part only of the plaintiffs or defendants in a suit for partition, when such notice has not been served, and where the questions involved will affect the rights or interests of parties not before it.

*Appeal from Pottawatlamie District Court.*—HON. WALTER I. SMITH, Judge.

THURSDAY, OCTOBER 11, 1900.

SUIT in equity for the partition of real estate at one time owned by William Lippold. Defendant George Lippold claims to be the owner of the property by deed from William. The trial court dismissed the petition, and con-

firmed title in defendant George Lippold, and William H. and Gustave Lippold, by their guardian, appeal. Dismissed and *affirmed*.

*Turner & Cullison* for appellants.

*Benjamin & Preston* for appellees.

DEEMER, J.——Other than those appearing in a representative capacity, the parties to this suit are the heirs at law of William Lippold, deceased, who had been the owner of, and until the time of his death occupied, the premises of which partition is prayed. Defendant George Lippold controverts the descent, and pleads title in himself by deed from William Lippold of date November 19, 1894. This defendant also pleads certain advancements made by the ancestor to the other heirs, and asks that these advancements be fixed and allowance made therefor in the event partition is granted. The delivery of the deed to George Lippold is denied, and this issue presents the real controversy in the case. The co-defendants of George Lippold filed a disclaimer, and also stated in this disclaimer that they had quitclaimed their interest to George. The appellants did not serve notice of appeal on their co-plaintiffs. Code, section 4111, provides, "A part of several co-parties may appeal; but in such a case they must serve notice of the appeal upon all the other co-parties and file proof thereof with the clerk of the supreme court." Under this section we have uniformly held that in partition suits, where there are several parties plaintiff or defendant, and one of these appeals, notice of appeal must be served on co-parties. *Laprell v. Jarosh,* 83 Iowa, 753; *Hunt v. Hawley,* 70 Iowa, 183; *Ash v. Ash,* 90 Iowa, 229. Failure to give the notice is not jurisdictional, however, and this court can consider such questions in the case as do not affect the rights or interests of the other parties. If we should reverse the judgment in this case, the effect would

be to hold that all the parties save those who had filed disclaimers are entitled to inherit a portion of the land. We would also be required to consider the question of advancements made to some of the parties. Manifestly, this would affect the rights of the other parties. We are the more ready to reach this conclusion for the reason that the decree of the district court on the main issue presented seems to be correct, and in accord with the previous holdings of this court in *Newlon v. Bealer*, 41 Iowa, 334; *Hinson v. Bailey*, 73 Iowa, 544; *Trask v. Trask*, 90 Iowa, 318; *Denzler v. Rieckhoff*, 97 Iowa, 75, and other like cases. The deed was delivered by the grantor, William Lippold, to the cashier of a bank, with the knowledge and assent of George Lippold, the grantee, to be by him (the cashier) delivered to the grantee on the death of William. The evidence satisfactorily establishes an intent on the part of the grantor to make the deed operative as such, but postponing the time of enjoyment until his death. That such an instrument passes title is too well settled by our cases to require further discussion. It is true that the cashier who received the deed made a memorandum on the envelope in which it was placed to the effect that the deed was to be delivered to William Lippold, or in case of his death to George Lippold and George Deiderich; but the other evidence shows, without apparent conflict, that he executed the instrument with the intention of passing title to his son. True, he had power to recall the instrument during his life, but this he never exercised, and his death took away the power. As said in the *Newlon Case, supra*: "Where one who has the mental power to alter his intention, and the physical power to destroy a deed in his possession, dies without doing this, there is, it seems to us, but little reason for saying that his deed shall be inoperative, simply because during life he might have done that which he did not do. It is much more consonant with reason to determine the effect of the deed by the intention existing up to the time of death, than to refuse to give it that effect because

the intention might have been changed." DISMISSED and
AFFIRMED.

GRANGER, C. J., not sitting.