ROBERT WHITE *et al*, Appellants, v. MELISSA WATTS *et al*, Appellees.

| 118  | 549 |
|------|-----|
| e121 | 524 |
| f121 | 528 |
| 118  | 549 |
| f130 | 55  |
| 130  | 56  |
| 130  | 462 |
| 130  | 463 |
| 118  | 549 |
| 135  | 136 |
| 118  | 549 |
| 137  | 18  |
| 137  | 745 |
| 118  | 549 |
| 138  | 194 |
| 138  | 609 |
| f138 | 611 |
| 118  | 549 |
| 139  | 514 |
| 118  | 549 |
| 143  | 213 |

Deed:   DEPOSIT WITH THIRD PERSON:   VALIDITY OF:   TITLE.   A
1   deed deposited with a third person to be delivered to the grantee upon the death of grantor is valid, and will, upon the happening of the event and the delivery, pass good title.

Same:   RESERVATION:   LIFE ESTATE.   Such a transaction operates
2   substantially as a deed with the reservation of a life estate.

Same:   FUTURE POSSESSION AND INTENT.   The same is true, though
3   within the physical power of grantor to regain possession or mental power to alter his intention.

Acceptance:   LEGAL PRESUMPTION OF:   The law presumes an ac-
4   ceptance of a deed to property of value though the grantee has no knowledge of the transaction, and this is especially true where no duty is imposed on the grantee.

Acceptance:   EFFECTIVE WHEN:   Acceptance of the benefits of such
5   a deed relates back to the date of the conveyance.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, DECEMBER 18, 1902.

THE opinion states the case.   Judgment *affirmed*.

*Brown & Brown* for appellants.

*C. H. Mackey, D. W. Hamilton, Bolton & Bolton, D. T. Stockman* and *George B. Baker* for appellees.

WEAVER, J.—Plaintiffs seek the partition of certain real estate, of which they claim to be tenants in common with the defendants.   Defendants deny that plaintiffs have any interest in the land.   The land was formerly owned by William G. White, who died intestate March 4, 1900,

leaving surviving him ten children and several grandchildren representing a deceased daughter. These descendants. are the parties to this proceeding, and the controversy between them arises out of the following facts: Several years prior to his death, William G. White made advances of considerable sums of money to several of his children, and about the same time executed deeds to others of them for the land which is the subject of the present litigation, together with other lands. The deeds, when executed, were placed by the grantor in the hands of the notary before whom they were acknowledged, with instructions to deliver them to the several grantees after the death of the grantor. Subsequently, and before the grantor's death, and upon his order, the notary delivered one or more of the deeds to a son, who was one of the grantees named therein. The lands described in the deeds thus delivered are not involved in this controversy. So far as appears from the record, the grantees named in the remaining deeds had no knowledge of the conveyance thus made for their benefit until soon after the death of Mr. White, when the notary made delivery of the instruments in accordance with the instructions above mentioned. It is contended upon the part of the plaintiffs that there was no sufficient delivery of the deeds by the grantor, and that the lands descended to his heirs as if no conveyance had been attempted. The district court found for the defendants, and plaintiffs appeal.

I. The one question thus presented for our consideration is whether the deposit of the deeds with the notary with instructions to deliver them to the grantees after the grantor's death and the actual delivery of the same by the notary upon the happening of the prescribed event, was, under all the circumstances, a valid conveyance. At the date of these instruments Mr. White was over seventy years of age. His wife was dead; and it is quite clear that, realizing the proba-

1. DEED: deposit with third person: validity of: title.

bility of his early demise, he undertook, by advances of money and by these deeds of conveyance, to make what he believed to be an equitable division of his property among his children. At the same time, with the evident purpose of insuring a support for himself, he took from his sons to whom advancements in money had been made their written obligations to pay him interest thereon during the remainder of his life, and, by depositing the deeds in the hands of a third person for delivery to the other children after his death, retained the life use and enjoyment of the real estate.

It is well established that a grantor may deposit a deed in the hands of a third person, to hold until after the grantor's death, and then deliver to the grantee, and that a delivery so made is perfectly valid and effectual to pass a good title to the grantee. *Trask v. Trask*, 90 Iowa, 318; *Hinson v. Bailey*, 73 Iowa, 544; *Bury v. Young*, 98 Cal. 446 (33 Pac. Rep. 338, 35 Am. St. Rep. 186); *Wheelwright v. Wheelwright*, 2 Mass. 452 (3 Am. Dec. 66); *Hathaway v. Payne*, 34 N. Y. 106; *Foster v. Mansfield*, 3 Metc. (Mass.) 412 (37 Am. Dec. 154). See, also, numerous cases cited in 9 Am. & Eng. Enc. Law (2d Ed.) 157, 158. Such a conveyance, from the date of its deposit with a third person for delivery after the grantor's death, operates substantially as a deed, with reservation of a life estate in the grantor. *Cook v. Brown*, 34 N. H. 460; *Prutsman v. Baker*, 30 Wis. 644 (11 Am. Rep. 592); *Bury v. Young*, *supra*.

2. SAME: reservation: life estate.

These general propositions are not seriously disputed by the appellants, but they contend that, to be effective, such deposit must be made without any reserved right or power in the grantor to control the deed or prevent its delivery upon his death. *Prutsman v. Baker*, *supra*; *Logsdon v. Newton*, 54 Iowa, 448; *Burk v. Sproat*, 96 Mich. 404 (55 N. W. Rep. 985). This may well be conceded to be the law, though the fact

3. SAME: future possession and intent.

that it may be within the manual or physical power of the grantor to regain possession of the deed, or that it may be within his mental power to alter his intention, will not necessarily defeat the conveyance.    *Trask v. Trask, supra*; *Newton v. Bealer*, 41 Iowa, 334; *Scrughan v. Wood*, 15 Wend. 545 (30 Am. Dec. 75); *Sneathen v. Sneathen*, 104 Mo. 201 (16 S. W. Rep. 497, 24 Am. St. Rep. 326).

But we find nothing in the record before us to indicate that Mr. White did retain any control over the deeds in controversy.   It is true that, in answer to a question by counsel, the notary says he should have redelivered the deeds to the grantor had the latter, in his life time, demanded them; but this statement appears to have been no more than the witness' interpretation of his duty in the premises, and is without support in the instructions given him by the grantor, or in the circumstances surrounding the execution and deposit of the papers.   He testifies without qualification that the deeds were left with him "to be delivered after Mr. White's death."   He further says that preceding the execution and delivery of the deeds the grantor discussed the question of the legal validity of such a transaction, and that he (witness) said to him "that, if the deeds were executed and deposited with the specific order that they be delivered at his death to the parties, I had not much doubt in my mind but that it would be a good conveyance;" but he adds that he did have some doubt in the premises, and advised against it.   Mr. White expressed his preference to thus distribute his property, rather than by testamentary disposition, and proceeded to execute the deeds, and leave them in the witness' hands, with instructions for their delivery as already set forth, and said nothing to the effect that he would thereafter send or call for them.

The only circumstance pressed upon our attention as giving color to the belief that the grantor retained or attempted to retain any control over the deeds is the fact

that he did, before his death, send an order for the delivery of a part of the deeds to one of his sons; but as the son to whom the order was given was a grantee, the delivery to him is entirely consistent with the idea that the grantor intended the making and depo it of the deeds to operate as valid conveyances, and adds to, rather than detracts from, the strength of defendant's position.

It is further sai ı that the grantees had no knowledge of the existence of the deeds in their favor until after the death of their father, and therefore there could have been no such acceptance of the gifts as will make them effectual in law. While an acceptance is necessary to make a gift effectual, the great weight of authority upholds the rule that the acceptance of a deed of valuable property will be presumed, although the grantee had no knowledge of the provision for his benefit; and this is especially true where the conveyance imposes no condition or burden upon the grantee. In such case, if the grantee accepts the benefit when the fact is brought to his knowledge, the acceptance relates back to the date of the conveyance. *Mitchell's Lessee v. Ryan*, 3 Ohio St. 386; *Guggenheimer v. Lockridge*, 39 W. Va. 461 (19 S. E. Rep. 874); *Halluck v. Bush*, 2 Root (Conn.) 26, 1 Am. Dec. 60); *Maynard v. Maynard*, 10 Mass. 456 (6 Am. Dec. 146); *Church v. Gilman*, 15 Wend. 656 (30 Am. Dec. 82); *Barns v. Hatch*, 3 N. H. 304 (14 Am. Dec. 369); *Dunlap v. Dunlap*, 94 Mich. 11 (53 N. W. Rep. 788); *Hatch v. Hatch*, 6 Am. Dec. 67; *Belden v. Carter*, 4 Am. Dec. 185; *Parker v. Parker*, 56 Iowa, 111. Indeed, the grantees in this case were in no position to expressly refuse or repudiate the conveyances, even had they been advised of the existence thereof, until a delivery to them was made or offered. When the offer was made, they accepted the deeds, and promptly asserted their rights thereunder. This, we think, was sufficient.

*Marginal notes:*
4. ACCEPT-ANCE: legal presumption of.
5. SAME: when effective,

There is no claim asserted that the grantor was not of sound mind, or that in making the conveyances he was acting under duress or undue influence. He appears to have made a conscientious and impartial effort to divide his property fairly and equitably among his children. It is possible that the subsequent increase in the value of the real estate may have the effect to give some of the beneficiaries an advantage over others, but that affords no reason in law or equity why we should interfere with the execution of his plans.

The judgment of the district court is AFFIRMED.