WHITING, Administrator, Appellant, vs. HOGLUND, Respondent.

*January 11—January 30, 1906.*

*Deeds: Sufficient delivery: Fraudulent conveyances: Evidence: Sufficiency.*

1. A deed containing an erroneous description of land intended to be conveyed was duly delivered to the grantee, who returned it to the grantor for correction. The grantor thereupon executed a second deed with the proper description, and delivered the same to the register of deeds of the proper county to be recorded for the grantee's use. The deed was recorded accordingly, and thereupon it was sent by mail to the grantor for the grantee's use. *Held,* that there was a sufficient delivery of the second deed.
2. In such case the facts, stated in the opinion, are *held* to sustain a finding that such deed was not in fraud of creditors.

APPEAL from a judgment of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Affirmed.*

Action by an administrator to set aside a deed of real estate made by his intestate as having been in fraud of the latter's creditors. The cause was tried by the court. The facts found were these: The intestate made a deed to the defendant

in due form, and delivered the same, of the southwest one-quarter of section 17, town 35, range 1 east in Price county, Wisconsin, intending, however, to convey the northwest one-quarter of said section. It was subsequently returned to the grantor for correction. The latter, to that end, executed a deed of the proper description of land to the defendant, and delivered the same to the register of deeds of Price county, Wisconsin, to be recorded for the latter's use. The instrument was recorded accordingly, and thereupon it was sent to the grantor by mail for the defendant's use. It was made for a valuable consideration and in good faith. The land was at the time of the death of plaintiff's intestate the property *bona fide* of the defendant. Thereon the court held that the defendant was entitled to judgment dismissing the complaint, with costs. Judgment was rendered accordingly, from which the plaintiff appealed.

*G. E. Schwindt,* for the appellant.

For the respondent there was a brief by *Barry & Barry,* and oral argument by *H. R. Barry.*

MARSHALL, J. Counsel for appellant present for consideration upon this appeal these questions: Was the land in controversy conveyed to respondent by a deed duly delivered in the lifetime of the grantor? If so, was such conveyance made in fraud of the creditors of such grantor? Some supposed collateral questions are treated by counsel which will receive such attention as they seem to deserve.

There is little or no question but that the facts upon which the trial court reached the conclusion that the deed was delivered occurred. In any event, upon the record, the findings in that regard must stand as verities since they cannot well be said to be against the clear preponderance of the evidence. Therefore a deed of one description of land was duly delivered to the respondent, such description not being the one intended by the parties, and such deed was returned to the

grantor for correction. A new one was made by him for that purpose covering the proper description, was delivered to the register of deeds to be and was recorded, and was thereupon returned to the grantor by mail. The court decided by inference from those facts that the delivery to the register was for the use of the grantee, and on that predicated the conclusion that, in legal effect, the delivery was to the grantee, fully recognizing that it was essential to its validity that it should pass out of the control of the grantor. It having been made for the purpose of correcting the prior erroneous instrument, which was properly delivered, the only reasonable inference is that the second delivery was for the use of the grantee. Such being the case, the instrument, the instant it came into the hands of the register for record and was duly entered by him, was beyond the control of the grantor and in legal effect under that of the grantee. The register under the obligations of his office and for the consideration to which he was entitled, impliedly, by receiving the paper, agreed to perform the service of recording it for the grantee, and thereby became his agent, to all intents and purposes, to that end.

The facts above stated make an ordinary case of one for a consideration, at the request of another, agreeing to perform a service for a third person,—a stranger to the immediate transaction. The latter, in such circumstances, upon the consummation of the transaction between such immediate parties, becomes vested with the right to have the promise as to him executed, and his status in that regard cannot subsequently be disturbed without his consent. *Tweeddale v. Tweeddale,* 116 Wis. 517; 93 N. W. 440.

But the delivery to the register under the facts of this case need not necessarily rest on the principle stated. The sending of the erroneous deed to the grantor for correction made him necessarily the agent of the grantee to do everything reasonably appropriate to that end. What followed, obviously, was appropriate. Therefore, when the new deed was

delivered to the register it was delivered by the grantee's agent, and when it was received back from the former it was received by such agent. There can be no doubt but that the instrument was demandable by the grantee of the register, regardless of the wishes of the grantor, at all times after it was delivered to such register, both upon the ground that by agreement between him and such grantor the former became the agent of the grantee, and upon the ground that the delivery was made to the register by the agent of the grantee with the intention of parting with the control of the instrument, as regards its efficiency, for the purpose indicated upon its face. The authorities along this line are numerous. The delivery of a deed by the grantor to the register of deeds for record, intending it to thereby take effect, and with the consent of the grantee, is a sufficient delivery. *Cooper v. Jackson,* 4 Wis. 537; *Buffum v. Green,* 5 N. H. 71; *Glaze v. Three Rivers F. M. F. Ins. Co.* 87 Mich. 349, 49 N. W. 595; *Moore v. Giles,* 49 Conn. 570. Delivery of a conveyance by the maker to a third person for the grantee at the latter's request, or as his authorized agent, is a sufficient delivery to give full effect to the paper. *Sargeant v. Solberg,* 22 Wis. 132; *Harrington v. Brittan,* 23 Wis. 541.

An examination of the authorities cited will show they support this as the law. The question as to whether any particular circumstance constitutes an efficient delivery of a deed or not turns on the intention of the parties. There need be only a parting with the paper by the grantor and the intent thereby to pass title and assent thereto by the grantee, though the instrument never comes to the latter's manual possession. His assent may be presumed by the mere beneficiary character of the transaction, subject to be rebutted by proof to the contrary.

Counsel for appellant argue at some length as to when a deed will or will not be reformed, citing authorities which have very little or nothing to do with a case of this sort, even

if the question of reforming the erroneous deed by judicial
decree were up for consideration. There is no such question in
the case since the parties reformed the instrument themselves.
In any event, authorities to the effect that a deed containing
a wrong description cannot be reformed if it would be void
regardless of the mistake, such as a deed intending to convey
a homestead, but containing the wrong description, and not
signed by the grantor's wife, and authorities to the effect that,
in an action to reform a land contract by rebating the pur-
chase price because of mistake in including therein a descrip-
tion of land of much less value than that intended, the land
included not being the property of the executory vendor, the
defect cannot be cured by inserting the proper description,
are entirely foreign to any question arising, or that in any
event could arise in this case. Care should be taken in pre-
senting an appeal here not to submit for consideration matters
which are entirely outside of and not, in any reasonable view,
applicable to the cause.

On the subject of whether the deed to respondent was made
in fraud of creditors little need be said. We fail to discover
anything in the brief of appellant's counsel that could well be
dignified by being called a discussion of that matter, yet, as
appears by the exceptions and the purpose of the action, it
was a principal ground of complaint. It must be assumed
counsel apprehended the findings of the trial court on that
subject to be well grounded in the evidence, as it seems plain
they are. Indeed, as pointed out by counsel for respondent,
there does not appear to have been any evidence to avoid the
deed on the ground of fraud. The evidence tending to estab-
lish fraud on the part of the grantor is exceedingly meager,
and there is none whatever showing that if the grantor had a
fraudulent intent it was participated in by the grantee, while
it appears, as the court found, that a fairly valuable consider-
ation was given for the land.

*By the Court.*—The judgment is affirmed.