CARRIE L. KNEELAND, Appellant, v. MRS. W. H. COWPER-
THWAITE, ET AL.

**Deeds:** DELIVERY TO THIRD PARTY: PRESENT INTEREST: INTENT.
1 Where a grantor executes a deed and places it with a third per-
son for future delivery, with the intent that it shall convey to
the grantee a present interest in the property, no subsequent act
of the grantor respecting the property can affect the validity of
the conveyance; and evidence thereof is only admissible on the
question of the grantor's intent at the time of delivering the deed to
such third person.

**Same:** GIFTS. A deed to property placed with a third person for
2 future delivery to the grantee, without condition or reservation,
is unaffected by the fact that the same is a gift.

**Same:** EVIDENCE OF INTENT. A deed itself indicates an intention to
3 convey a present interest and should be given great weight on
that subject.

*Appeal from Mills District Court.*— HON. A. B. THORNELL,
Judge.

FRIDAY, APRIL 10, 1908.

ACTION in equity to enforce the specific performance
of a land contract. There was a judgment for the defend-
ants, from which the plaintiff appeals.— *Affirmed.*

*D. E. Whitfield* and *A. E. Cook,* for appellant.

*H. J. Baird,* for appellees.

SHERWIN, J.— In 1905 the plaintiff bought the prop-
erty in question of the defendant Mrs. W. H. Cowperthwaite
for $1,500, $100 of which was paid to Mrs. Cowperthwaite
in cash and the balance was to be paid when the plaintiff
was given possession of the property. In 1903 Mrs. Cow-
perthwaite, who was then a widow, executed a deed of the
same property making her codefendants, who are her chil-

dren, the grantees therein. That deed in terms conveyed a present estate, contained a warranty of title, and reserved to the grantor a life interest in the property. After its execution, it was left with the grantor's attorney, who had prepared it, and it was not recorded until after the sale of the property to the plaintiff. The sole question for determination is whether the deed conveyed to the children of the grantor a present interest in the land, and the answer thereto depends on the question of delivery.

The question of delivery is generally held to be one of intent, and ordinarily, where it appears that the grantor intended to part with the control of the deed and to pass the present title, the delivery is sufficient for that purpose, even though there be no physical delivery of the deed to the grantees. *Saunders v. Saunders,* 115 Iowa, 275; *White v. Watts,* 118 Iowa, 549; *Foreman v. Archer,* 130 Iowa, 49. A deed placed by the grantor in the hands of a third person with unconditional instructions to deliver it to the grantee named therein at some specified time in the future will, unless the grantor reserves the right to recall or revoke the same, vest in the grantee a present interest in the land. *White v. Watts, supra; Hinson v. Bailey,* 73 Iowa, 544. The record shows that Mrs. Cowperthwaite executed the deed in question shortly before her second marriage, and for the avowed purpose of giving the property to her children before it became subject to the marital rights of her second husband; she reserving to herself only a life estate therein. The only facts appearing in the record which tend to sustain the appellant's contention that she did not intend to pass a present interest in the land are that she placed it in the hands of a real estate agent for sale, and in fact sold it to the plaintiff. But, if it be true that she made the deed and delivered it to her attorney with the then intent that it convey to the grantees a present interest in the land, her subsequent acts could not affect the validity of the conveyance, and they can

only be considered on the question of her intent at the time the deed was delivered to such third party.

It is true the deed in this case was in the nature of a gift, but that does not lessen its validity; for, while an acceptance is necessary to make a gift effectual, such acceptance will be presumed when the gift is of a thing of value. *Parker v. Parker,* 56 Iowa, 111.

While there is some conflict in the evidence as to the intent of the grantor at the time of the execution and delivery of the deed, we think the weight thereof is with the appellees. The deed itself indicates an intention to convey a present estate, and it is entitled to great consideration in determining that question. *Saunders v. Saunders, supra.* We reach the conclusion that there was a sufficient delivery of the deed, and that the grantees therein were vested with a present interest in the land.

The judgment of the district court is *affirmed.*