In re Estate of J. T. BELL, Deceased. Application by the State, Appellant, to subject property of said estate to a collateral inheritance tax, v. D. L. THOMAS, Administrator, J. H. BELL, MARGARET DRIPS and JANE BRADLEY.

Conveyances: DELIVERY. The sufficiency of the acts of a grantor to constitute delivery of a deed is to be determined by ascertaining his intention.

Same: DELIVERY TO THIRD PERSON: PRESUMPTION. Where a deed was placed in the hands of a third person to be held by him for the grantee, without any reservation of authority over the instrument to the grantor, such third person will be presumed to

hold the same as the agent of the grantee, if the conveyance is in its nature beneficial and imposes no burdensome conditions on the grantee; and this is true even though the grantee has no actual knowledge of the transaction.

**Same:** ACCEPTANCE. Where a conveyance in the nature of a gift imposing no burdensome obligations upon the grantee is delivered to a third person to be held by him for the grantee acceptance will be presumed, if it clearly appears that the grantor intended to part with all further control of the instrument, even though there was no express direction to deliver the same to the grantee; and title will pass at once upon delivery to a third person.

**Same:** DELIVERY: RECORDING. Where, as in this case, it was the plain intention of the grantor in delivering the conveyance to the third person that such third party should sell the property, as the agent of the grantor and grantees, a recording of the instrument was essential to his power, but the fact that it was not recorded until after the death of the grantor did not affect its validity as a present conveyance; so that the interest thus conveyed passed by the deed to the heirs of the grantor and not by descent.

**Same:** COLLATERAL INHERITANCE TAX. Where a deed to property delivered to a third person for the grantees, as in this case, in no manner makes the estate granted dependent upon the grantor's death but passes a present interest, the interest of the grantees therein is not subject to a collateral inheritance tax.

*Appeal from Audubon District Court.*—HON. E. B. WOODRUFF, Judge.

THURSDAY, APRIL 6, 1911.

IN a proceeding in probate for the settlement of the estate of J. T. Bell, deceased, the treasurer of state made application to have a collateral inheritance tax assessed against the estate on account of two hundred and forty acres of land passing by inheritance to collateral heirs. This application was denied as to a three-fourths interest in the land claimed by defendants to have been conveyed to them by decedent prior to his death, and the state appeals.—*Affirmed.*

*George Cosson*, Attorney-General, *N. J. Lee*, Special Counsel, and *H. J. Mantz*, County Attorney, for the state.

*H. F. Andrews*, for appellees.

McCLAIN, J.—The decedent died unmarried and without children, leaving as his heirs a brother and two sisters, who are made codefendants with his administrator. On March 31, 1908, about two months prior to his death, the deceased owned two hundred and forty acres of land, and executed a warranty deed purporting to convey to his brother and sisters the undivided three-fourths interest in said land, adding the following clause: "It is my intention in executing this deed to convey to each of the grantees named an undivided one-fourth interest in said real estate, and that I retain an undivided one-fourth therein, and upon the condition that all of said real estate shall be sold and the proceeds divided equally among the grantor and said three grantees named herein, all rent and possession of said property reserved until March 1, 1909." This deed was drawn by and acknowledged before one Graham, a justice of the peace, and was then left in the possession of Graham, with direction that it be recorded, and that Graham proceed to effect a sale of the land. Graham proceeded to make efforts toward effecting a sale, but no sale had been made at the time of decedent's death, and the instrument was not filed for record until after that time. When it was recorded, however, it was by Graham handed to either the defendant J. H. Bell or to the husband of the defendant Jane Bradley. J. H. Bell had knowledge of the conveyance at the time it was executed, and expressed his appreciation of his brother's kindness in making provision for him and his sisters, and Jane Bradley was told of the conveyance prior to decedent's death, but defendant Margaret Drips had no knowledge of the fact until after decedent died. One of the grounds urged

in the application for the assessment of the inheritance tax was that the deed was made for the express purpose of avoiding such tax, but there is no evidence to support this contention, and we will give it no further consideration. The grounds now relied upon by the appellant are, first, that there was no such execution, delivery, and acceptance of the deed as that it became effectual to pass any title to the grantees; and, second, that, even if effectual to pass an interest in the property, the grant was made to take effect in possession and enjoyment after the grantor's death, and, therefore, the interest granted was subject to an inheritance tax.

I. The deed does not purport to postpone the passing of the interest described to the grantees until after the grantor's death, nor does it contain any conditions or limitations having reference to the time of his death. So far as can be determined from the language used, his intention was to vest in them a present interest, enjoyment of which should commence on the termination of the existing leasehold estate; but the contention of the appellant is that the instrument was not delivered to and accepted by the grantees in such sense that any interest passed prior to the grantor's death.

Where a conveyance has been executed and is ready for delivery, the question whether the acts of the grantor

1. Conveyances: delivery. relied upon to constitute a delivery are sufficient is to be determined by ascertaining the grantor's intention. *Kneeland v. Cowperthwaite,* 138 Iowa, 193; *Stewart v. Wills,* 137 Iowa, 16; 2 Jones, Real Property, section 1220.

And a well recognized method of effectual delivery is to place the instrument in the hands of a third person

2. Same: delivery to third person: presumption. to be held by him for the grantee. If this is done without reservation of any right to assert further authority over the instrument on the part of the grantor, such third person is presumed to

take and hold the instrument as the agent of the grantee, if the conveyance is in its nature beneficial and imposes no burdensome conditions or obligations on such grantee. Actual knowledge on the part of the grantee is immaterial. *Matheson v. Matheson,* 139 Iowa, 511; *Criswell v. Criswell,* 138 Iowa, 607; *Foreman v. Archer,* 130 Iowa, 49; *Albrecht v. Albrecht,* 121 Iowa, 521; *Trask v. Trask,* 90 Iowa, 318; *Hinson v. Bailey,* 73 Iowa, 544.

Whatever may be said in general as to the necessity of acceptance by the grantee in order that title may pass to him, it is well settled that such acceptance will be presumed where the conveyance is in the nature

3. SAME: acceptance.

of a gift, and imposes no burdensome conditions or obligations; and the title passes at once upon delivery to the third person to be held for such grantee. *Parker v. Parker,* 56 Iowa, 111; *Craven v. Winter,* 38 Iowa, 471; *Robinson v. Gould,* 26 Iowa, 89; 2 Jones, Real Property, section 1282; 2 Tiffany, Real Property, sections, 406, 407. It is true that the evidence as to what was said by decedent to Graham does not show any express direction that the instrument should be delivered to the grantees or any one of them. Such express direction is unnecessary if the circumstances of the act and the declarations of the grantor accompanying it clearly indicate his intention to part with any further right of control over the instrument for the benefit of the grantee. *Criswell v. Criswell,* 138 Iowa, 607.

The plain purpose of decedent in delivering this instrument to Graham was that Graham should proceed to sell the land as the agent of the grantees and also as the

4. SAME: delivery: recording.

agent of decedent as to his reserved one-fourth interest; the delivery and recording of the deed being essential to his power to do so. It was immaterial that he did not in fact record until after decedent's death. Had he done so, the fact of recording under the grantor's direction would have alone

given rise to a presumption of completed delivery. *Mc-Crum v. McCrum*, 127 Iowa, 541; *Luckhart v. Luckhart*, 120 Iowa, 248; *Davis v. Davis*, 92 Iowa, 147. But the recording was not essential to the validity of the instrument or its effect as a present conveyance, and the direction to record was as effectual to show the grantor's intent as though it had been in fact carried out during his lifetime.

The cases relied on for appellant are not in conflict with those which we have already cited. In *Furenes v. Eide*, 109 Iowa, 511, it was said that mere intention can not supply the requisite act of delivery; but this was said with reference to deeds executed by the grantor and handed to his agent to be delivered at once to the grantees; and the holding that the deeds in that case were not so delivered prior to the grantor's death as to pass title was predicated on the finding of facts that the person to whom they were thus handed was the agent of the grantor to make delivery, and such person was not constituted by the grantor the agent or representative of the grantee into whose hands the deeds were to pass to be held for the grantee's benefit. The court says as to this person that "he was employed to carry the deed to the grandchildren (grantees), not to receive them in their behalf." In *O'Connor v. O'Connor*, 100 Iowa, 476, there was a controversy in the record as to whether the justice of the peace who drew the deed and took the acknowledgment of it was directed by the grantor to have it recorded; but, after it was filed for record and before it was in fact recorded and before the grantee had any knowledge of its execution, the grantor recovered possession of it with the intention of preventing its taking effect, and, after it had remained in his possession for more than a year, it was obtained from him without his knowledge or assent, and delivered to the grantee. The holding that there was not such delivery and acceptance by the grantee as to pass title is plainly not controlling in

the case before us. In *Oliver v. Perry,* 131 Iowa, 654; there was no evidence of the execution or delivery of a conveyance, and the holding on this point was to the effect that a mere promise to give land, not followed by the execution or delivery of any instrument in pursuance of the promise, was not effectual to pass title.

We reach the conclusion that the interest of the grantees under the deed in question vested during decedent's lifetime, and that they hold their respective interests under such conveyance, with the result that the undivided three-fourths of the land in question did not pass to the heirs by descent, and had already been completely disposed of by decedent before his death.

II. In Code, section 1467, it is provided that a collateral inheritance tax shall be payable upon "all property within the jurisdiction of this state, and any interest therein, whether belonging to the inhabitants of this state or not, and whether tangible or intangible, which shall pass by will or by the statutes of inheritance of this or any other state, or by deed, grant, sale, or gift made or intended to take effect in possession or in enjoyment after the death of the grantor or donor" to any collateral heir, etc. The contention for the appellant is that, conceding the conveyance above referred to to have become effectual by delivery, nevertheless, the grantees acquired title by a deed made or intended to take effect in possession or enjoyment after the grantor's death, and therefore that the interest which they took under such conveyance was subject to the collateral inheritance tax. We do not now feel called upon to determine what is meant by a grant taking effect in possession or enjoyment after the death of the grantor. The grantees did have all the possession which it was possible for them to take during the existence of the leasehold interest which had not terminated at the time of the grantor's death, and they did have all the enjoyment which a remainder-

5. SAME: collateral inheritance tax.

man can have of property pending the existence of the estate subject to which the remainder is granted. But we think the statutory provision plainly relates to estates granted in deeds or conveyances which in some way make the estate granted dependent on the grantor's death; that is, to interests in real estate the possession or enjoyment of which is postponed until after the death of the grantor. The deed before us contains no reference whatever to the death of the grantor, and there is nothing in the evidence to indicate that it was the grantor's purpose to postpone possession or enjoyment of the interest granted until after his death. Had the grantor lived until after the termination of the leasehold estate, the grantees would at once on the termination of such lease have become entitled to the full possession and enjoyment as tenants in common with the grantor of the land described. It follows that the deed was not made or intended to take effect in possession or enjoyment after the death of the grantor within the meaning of the statute, and that the grantees' interest did not become subject to a collateral inheritance tax.

The decision of the trial court was correct, and it is *affirmed.*