O'CONNOR et al, Appellants, v. McCABE, Respondent, and McCABE, Respondent, v. O'CONNOR et al, Appellants

(192 N. W. 370.)

(File No. 5061.   Opinion filed March 7, 1923.)

**Deeds—Escrow—Giving Into Possession of Third Person to be Delivered After Grantor's Death is Effective Delivery.**

Where the grantor of a deed gave the instrument to a third person, to be delivered by the latter to the grantee after the grantor's death, thereby parting with control over the deed, there was an effective delivery.

Appeal from Circuit Court, Union County; Hon. John T. Medin, Judge.

Action by J. C. O'Connor and others against John McCabe, wherein defendant cross-complained against plaintiffs. Judgment for defendant, and plaintiffs' motion for a new trial denied, and plaintiffs appeal. Affirmed.

*Thomas McInerny,* of Elk Point, and *Kirby, Kirby & Kirby,* of Sioux Falls, for Appellants.

*J. E. Payne,* of Vermillion, and *Burgess, Gill, Sammis & Boylan,* of Sioux City, Iowa, for Respondent.

Appellant cited: 3rd Wash. R. Prop., Sec. 2156, 6th Ed.; 1 Devlin R. Est., 3rd Ed., Sec. 260a; Tiedman R. Prop., Sec. 814; Hopkins R. Prop., Sec. 266; Prutsman v. Baker, 30 Wis.

644; Magoffin v. Watros (N. D.), 178 N. W. 134; Cassidy v. Holland, 27 S. D. 287; Williams v. Kidd (Cal.), 151 Pac. 1; 8 R. C. L. Deeds, Sec. 60; 4 Fed. St. Ann. (2d Ed.) 286.

Respondent cited: Natl. Foundry Works v. Oconton Supply Co., 183 U. S. 216; Milie Iron Co. v. McKinney, 172 Fed. 42-46; 18 C. J., Sec. 114, p. 208; Neelye v. Muster (Cal.), 195 Pac. 736; German Bank v. Martin, 115 N. E. 721; Kyle v. Kyle, 175 Iowa 734; Emmons v. Harding, 70 N. E. 142; Smith v. Smith, 161 Pac. 495; Foulkes v. Sengstacken, 163 Pac. 311; Nolan v. Otney, 89 Pac. 69; Dixon v. O'Brien, 125 N. W. 307; Grilley v. Atkins, 62 Atl. 337; 18 C. J., Sec. 115, p. 210; Sultzcider v. Sultzcider, 114 N. E. 856; 18 C. J., Sec. 120, p. 212; 18 C. J., Sec. 116, p. 211; Thorton v. Pinckard, 47 So. 289; 18 C. J., Sec. 103, p. 205; Nelson v. Colton, 171 Pac. 701; Taft v. Taft, 26 N. W. 426; Dunlap v. Marnett, 145 N. W. 1017; Ropke v. Nuntzmann, 146 N. W. 939; Seibel v. Highman, 216 Mo. 121, 115 S. W. 987, 129 A. S. R. 502; Prutsman v. Baker, 30 Wis. 644, 11 Am. Rep. 592; Delaplain v. Grubb, 44 W. Va. 612, 30 S. E. 201, 67 A. S. R. 788; 8 R. C. L., Sec., 60, p. 995, Sec. 55, p. 988, Sec. 57, p. 991; 2 Jones Real Prop., Sec. 1241; Dickson v. Miller, 145 N. W. 112; Munroe v. Bowles, 58 N. E. 331, 54 L. R. A. 865, Ann. Cas. 1915C, 379, note; Sampson v. Thorton, 3 Metc. (Mass.), 275, 37 Am. Dec. 135; Hedge v. Drew, 12 Pick. (Mass.) 141, 22 Am. Dec. 416; Lee v. Fletcher, 46 Minn. 49, 4 Am. Rep. 322; Cravens v. Rossiter, 116 Mo. 338, 22 S. W. 736.

ANDERSON P. J. This case has been tried twice; the first trial in the lower court resulting in findings and judgment for plaintiffs and appellants. From such judgment an appeal was taken to this court, and the judgment of the lower court was reversed and the cause remanded for further proceedings. See 42 S. D. 506, 176 N. W. 43. The case was again tried in the lower court, and resulted in findings and judgment favorable to defendant, McCabe. From such judgment another appeal was taken to this court. On this second appeal the appellants' main contention is that there was no delivery of the deed from O'Connor to McCabe sufficient to pass title to the latter. Upon the soundness of this contention we believe depends the disposition of this case. The facts relating to the drafting, correction, execution, and delivery of the deed are fully set out in 42 S. D. 506. 176 N. W.

43, to which reference is made. In an examination of the books we find a large number of cases where a grantor has signed deeds of conveyance and has put them in the hands of a third party to be delivered to the grantee named upon the death of the grantor. In the great majority of such cases we find the court holding that such acts constitute a good delivery of the deed. In the case of Kyle v. Kyle, 175 Iowa 738, 167 N. W. 249, the Iowa court says:

"A delivery may be affected by acts without words, or by words without acts, or by both words and acts. Assuming the instrument to have been properly executed ready for delivery, acts and words evincing intent to part with it and relinquish the grantor's right over it is a sufficient delivery." Whiting v. Hoglund, 127 Wis. 135, 106 N. W. 391, 7 Ann. Cas. 224; Woodward v. Woodward, 8 N. J. Eq. 779-784.

"In final analysis, it may be said that delivery is a matter of intent, and any distinct act or word by the grantor with intent to pass the title to the grantee by transferring the deed to him or to another for his benefit is a delivery." Collins v. Smith, 144 Iowa 200, 122 N. W. 839; Kneeland v. Cowperthrwaite, 138 Iowa 193, 115 N. W. 1026; Schurz v. Schurz, 153 Iowa 187, 128 N. W. 944, 133 N. W. 683; Criswell v. Criswell, 138 Iowa 607, 116 N. W. 713.

"Sometimes the rule is stated to be that the transfer of title is effected by the delivery made by the depositary after the death of the grantor, but such delivery takes effect by relation as of the date when the deed was placed in the depositary's hands. The result is the same on either theory." Munch v. Munch, 148 Iowa 18, 126 N. W. 937; Lippold v. Lippold, 112 Iowa 134, 83 N. W. 809, 84 Am. St. Rep. 331; White v. Watts, 118 Iowa 549, 92 N. W. 660; Dunlap v. Dunlap, 94 Mich. 11, 53 N. W. 788.

18 C. J. 208:

"The delivery of a deed by the grantor to a third person to be held by him and delivered to the grantee upon the grantor's death will operate as a valid delivery, where there is no reservation on the part of the latter of any control over the instrument, and under such circumstances it is usually held that the deed takes effect after the first delivery."

It is well settled that a person may make a conveyance of property and place it in the hands of a third party to be deliv-

ered to the grantee named in it on the death of the grantor and that such a delivery will be effectual to pass a present title to the property to the grantee, if the intention of the grantor is to make such delivery absolute and place it beyond his power thereafter to revoke or control the deed. Where delivery is made under these circumstancs and with this intention, it is fully operative and effective to vest a present title in the grantee, the grantor retaining only a life estate in the property, and the third party or depository holds the deed as a trustee for the grantee named in it. Bury v. Young, 98 Cal. 451, 33 Pac. 338, 35 Am. St. Rep. 186; Moore v. Trott, 156 Cal. 363, 104 Pac. 578, 134 Am. St. Rep. 131; William v. Kidd, 170 Cal. 637, 151 Pac. 3, Ann. Cas. 1916E, 703; Thompson v. Calhoun, 216 Ill. 161, 74 N. E. 775; Latimer v. Latimer, 174 Ill. 418, 51 N. E. 548.

To the above effect we could cite authorities almost indefinitely, but after a careful consideration of the record and of the authorities as they appear, we are fully convinced that the facts as shown by the record clearly constitute a good delivery of the deed in question.

Finding no reversible error in the record, the judgment and order denying motion for new trial are affirmed.

Note—Reported in 192 N. W. 370. See American Key-Numbered Digest, Deeds, Key-No. 61(6), 18 C. J. Sec. 114, 10 R. C. L. 640.

On delivery of deed to third person by grantor, as delivery to the grantee, see notes in 54 L. R. A. 865, 9 L. R. A. (N. S.) 224 and 38 L. R. A. (N. S.) 941.