BENSON, Respondent, v. BENSON, et al, Appellants.

(257 N. W. 460.)

(File No. 7675. Opinion filed December 3, 1934.)

*C. O. Trygstad* and *Hall & Schlosser,* all of Brookings, for Appellants.

*James O. Berdahl,* of Sioux Falls, for Respondent.

WARREN, J. The plaintiff, a widow, brought suit in equity against three of her children, the defendants herein, to quiet title to a two-thirds interest in a quarter section of land in Minnehaha county and a third interest in a certain quarter section of land in Moody county, S. D. The court found that she was 89 years of age; that she did not read the English language and except for language common in daily use had some difficulty in understanding the English language. On the 22d day of August, 1930, at the solicitation of defendants Sverdrup M. Benson and Matilda L. Thompson, a son and a daughter, plaintiff signed two instruments in the form of warranty deeds, wherein and whereby she purported to convey her interests in said lands subject to certain restrictions. Findings and conclusions were made and a judgment thereupon

entered quieting title in the plaintiff. A motion for new trial was made, which motion was considered by the trial court and subsequently denied. Sverdrup M. Benson, Matilda L. Thompson, and Chris H. Olson have appealed to this court from the order and judgment entered therein.

■■■ At the time respondent signed the two warranty deeds, two of her sons, Chris and Emil, were absent from the state. The deeds were left with the scrivener who held them from the 22d of August, 1930, until the 10th of September, 1930, when he had the deeds recorded. It is respondent's contention that there was no complete delivery of the deeds, for the reason that it was agreed at the time the deeds were left with the scrivener that they should be retained by him until such time as Chris and Emil returned, at which time respondent was to consult with them and then either approve or disapprove the transaction. The trial court sustained respondent in this contention. We are satisfied that the evidence is sufficient to sustain respondent's contention and the finding of the court in support thereof. It is essential to the validity of a deed that there be a delivery. Reid v. Gorman, 37 S. D. 314, 158 N. W. 780; Rasmussen v. Stanfield, 49 S. D. 120, 206 N. W. 475. And to constitute a delivery it is necessary that the grantor part with the legal possession of the deed and all right to retain or control it. Trumbauer v. Rust, 36 S. D. 301, 154 N. W. 801, 11 A. L. R. 10; O'Connor v. McCabe, 46 S. D. 269, 192 N. W. 370; Stalting v. Stalting, 52 S. D. 309, 217 N. W. 386; Merkamp v. Niles, 62 S. D. 241, 252 N. W. 636. The plaintiff testified positively that it was agreed in the scrivener's office that the deeds should remain there "until Emil came back." The deeds were recorded prior to Emil's return but did, in fact, remain in the hands of the scrivener without being recorded from the 22d of August until the 10th day of September. After Emil's return the respondent disapproved the transaction. This evidence, considered in the light of all other evidence in the case, which it is not necessary to set out in detail, amply justifies the finding of the trial court to the effect that there was no valid delivery of the deeds.

The judgment and order appealed from are affirmed.

ROBERTS, P. J., and POLLEY, CAMPBELL, and RUDOLPH, JJ., concur.