SARAH A. WAYNICK, *et al.*, V. JOHN C. RICHMOND, *et al.*

1. BOND FOR MONEY; *Condition; Contract.* A bond for money, to be void upon the doing of a certain thing, is in legal effect a contract to do that thing.

2. SPECIFIC PERFORMANCE; *Equity.* In the absence of any testimony tending to show that it would be highly unreasonable to do so, equity will as a matter of course decree the specific performance of a contract to convey real estate.

3. CONSIDERATION; *Contract in Writing.* By statute in this state, a contract in writing imports a consideration.

*Error from Franklin District Court.*

ACTION by plaintiffs to compel specific performance. The petition alleged that the plaintiffs *Sarah, Serena,* and *Stephen A.* were the widow and children, and only heirs of Jacob Waynick deceased; that said Jacob died intestate February 18th, 1865; that in the lifetime of said Jacob, and on the 18th of September 1864, the defendant *John C. Richmond*

executed and delivered to said Jacob the following agreement in writing, to-wit:

"Know all men by these presents that I, John C. Richmond of the county of Franklin, state of Kansas, am held and firmly bound unto Jacob Waynick, of the same place, in the sum of $247.50, good and lawful money of the United States, to be paid unto the said Jacob Waynick, his executors, administrators, and assigns, for which payment well and truly to be made I bind myself, my heirs, executors, and administrators firmly by these presents. Sealed with my seal, dated this 18th day of September 1864.

"This condition of this obligation is such, that if the above bounden John C. Richmond, his heirs, executors, or administrators, shall well and truly execute or cause to be executed a good and sufficient deed of conveyance to said Jacob Waynick, his executors, administrators, or assigns, covering the northwest quarter of the northeast quarter of section three, of township 17 south, of range 19 east, containing 41.25 acres, more or less, in said county, then this obligation to be null and void, otherwise of full force and virtue.

"JOHN C. RICHMOND. [SEAL.]"

The petition further alleged that said bond was duly acknowledged on the day of its date, and duly recorded on the 20th of September 1864; that at the date of said agreement said *Richmond* was seized in fee of said land; that the primary object and purpose of said agreement was to secure the conveyance of said land to said Jacob Waywick; that said Jacob paid in full to said *Richmond* the purchase-money for said land, and performed all other things and conditions to be by him performed; that said *Richmond* did not execute to said Jacob in his lifetime, nor to his executors, nor to his assigns, nor to the plaintiffs as his heirs, since the decease of said Jacob, a good and sufficient deed of conveyance, or any deed of conveyance whatever covering said land, or any part thereof, but has refused and still refuses to execute such deed; that said *Richmond,* by his deed of quitclaim, dated April 3d 1866, conveyed said land to John K. Harrison and Joshua P. Harrison; that said J. K. H. and J. P. H. conveyed said land to W. L. S., who conveyed twenty acres thereof to

32—11 KAS.

defendant *Herbert T. Sheldon*, and the remainder to the defendants *Robert Brownfield* and *J. P. Dunham;* that all of said conveyances were duly recorded; and that all of said parties, and each of them, purchased with notice of the aforesaid agreement, and of the rights and equities of the plaintiffs. The defendants filed separate answers, the substance of them all being a denial of the payment of the purchase-money by said Jacob Waynick, or by or for the plaintiffs, and that in default of such payment, and a reasonable time having elapsed, "said bond or agreement became void and of no effect, and the said *Richmond* had full and absolute power and legal right to sell and convey said premises, and said conveyance to said Harrisons was made with the knowledge and consent of said *Sarah A. Waynick.*"  The action was tried at the March Term 1872 of the district court.  The proceedings at the trial are stated in the opinion.  Judgment for defendants, and plaintiffs bring the case here on error.

*John W. Deford*, for plaintiffs in error:

1. The court erred in its ruling and decision.  The allegations in the petition, admitted in all the answers, (and which are therefore to be regarded as true, under § 128 of the code,) together with the facts proved on this trial, constitute a perfect cause of action, and entitle the plaintiffs to a specific performance of the contract, set up in their petition.  "If a contract be entered into by a competent party, and be in its nature and circumstances unobjectionable, it is as much of course for a court of equity to decree a specific performance as it is to give damages at law.  And this is now the universal and well-settled doctrine of equity jurisprudence:" *Hardy v. Mathews*, 42 Mo., 410; 2 Story's Eq. Jur., § 751. Now the agreement sued on "is in writing, and is fair in all its parts, and is for an adequate consideration," and "is capable of being performed." (Being in writing it imports a consideration: ch. 21, § 7, Gen. Stat.)  The defendants now holding the lands had full notice from the record of the plaintiffs' rights.  Besides this, the defendants derive their

title through two "quitclaim" deeds—one from Richmond to the Harrisons, and the other from them to Service. And in legal effect these "quitclaims" conveyed no more than Richmond's right, title and interest in the property; but, after he delivered the "bond for a deed" to Waynick, in September 1864, and received the consideration thereof, Richmond held merely the dry legal title in trust for Waynick. This interest the defendants hold (if they hold anything) *in trust* for the plaintiffs. Under such circumstances, how can they claim protection as *bona fide* purchasers for a valuable consideration, without notice, against a title paramount to that of Richmond, and which attaches itself as an unextinguished trust to the lands? 3 How., 386, 410; 33 N. Y., 658; 22 Iowa, 378.

Again, Richmond's agreement with Waynick is absolute, independent and unconditional. He binds himself to convey the land without condition precedent, or limitation of any kind. Nothing is stipulated as to the payment of purchase-money, or the performance of any other act by Waynick. The averment, therefore, in the petition, that the purchase-money was paid by Waynick, and denial in the answers that he never did pay it, are equally immaterial. (*Simonds' Admr. v. Beauchamp*, 1 Mo., 589.) But even if material, the bond imports that the purchase-money was paid.

2. The whole defense is frivolous. Richmond has no lien or claim *on the land* for purchase-money, unless one was granted to him by Waynick, in writing. (*Simpson v. Mundee*, 3 Kas., 172.) And the presumption is that he has no such writing, or he would have so alleged. If he has nothing more than a verbal promise, or a promissory note, from Waynick, he cannot, under his independent covenant with him, look to the widow and heirs for payment. His only remedy would be to convey the land to them, and prosecute his claim against Waynick's administrator for the money, (1 Mo., 589,) and the probate court, if necessary, could have ordered a sale of the land itself to pay the debt. But Richmond could not "forfeit" the land for it, as in his answer he

claims to have done. It could be sold only by the judgment of a competent court; (Comp. Laws, 1862, 187, § 384;) and his vendees and co-defendants were and are bound to know this.

*A. W. Benson,* for defendants in error:

1. Was the evidence offered by plaintiffs sufficient to warrant a finding in their favor? We think not. Before the plaintiffs are entitled to a specific performance, even as against Richmond, the obligor in the bond, they must aver and prove full performance on their part. *Nix v. Hoffman,* 10 Kas., 255. Although our statute provides that instruments in writing shall import a consideration, it does not follow that the consideration is presumed to have been fully paid; and the party asserting this to be the fact must prove it when denied.

2. No time for performance being stated in the contract, a reasonable time must be allowed after a demand: Hilliard on Vend., 472; 6 Barb., 149. The vendee must not only tender the money but demand a conveyance, and wait a reasonable time to have it made out, before the vendor is in default. Hill. on Vend., 31. And it is submitted that such demand must be made within a reasonable time.

The opinion of the court was delivered by

BREWER, J.: The plaintiffs in error brought their action in the district court of Franklin county upon a bond given by Richmond, one of the defendants in error to Jacob Waynick. The bond recited that Richmond was held and firmly bound unto Waynick in the sum of $247.50, and was absolute in its terms so far as the obligatory part is concerned. The condition reads thus: "The condition of this obligation is such, that if the above bounden John C. Richmond, his heirs, executors, or administrators, shall sell and truly execute or cause to be executed a good and sufficient deed of conveyance to said Jacob Waynick, his executors, administrators ·or assigns, covering the northwest quarter of· the northeast quarter of section three, etc., then this obligation to be null

and void, otherwise of full force and virtue." This bond, was executed September 18th, 1864, and this action was commenced January 16th, 1872. It was admitted by the pleadings that Richmond owned the land described in the bond on the day of its date, that he had never conveyed to Waynick or his heirs, but had conveyed to other parties through whom the legal title had passed to his co-defendants. It was alleged in the petition that Waynick had paid the purchase-money in full for the land, and performed all the conditions on his part, and that he had since died and that the plaintiffs were his heirs. These facts were denied by the answers. The prayer in the petition was for a decree for specific performance, and such further relief as the plaintiffs might in law or equity be entitled to. On the trial plaintiffs proved that they were the heirs of Jacob Waynick, and that he had died intermediate the date of the bond and the filing of the petition, and then rested. Defendants interposed a demurrer to the evidence, which was sustained, and judgment entered in their favor for costs. Was there error in this ruling?

The instrument sued on, though in form a bond with a condition, is in legal effect an agreement to convey. "A bond for money with a penalty for not doing a certain thing will be held to be a contract to do that thing:" 2 Parsons on Contr., 515; *Dewey v. Watson*, 1 Gray, 414; *Plumbsett v. M. E. Society*, 3 Cranch, 561. Being a contract in writing it imports a consideration: Gen. Stat., 183, ch. 21, § 7. The agreement then is as though it read, "For value received I hereby agree to convey," etc. Ordinarily, some conditions of payment and some time of conveyance are specified in the bond; but here is an absolute agreement to convey without any conditions of time or payment. A reasonable time had elapsed for performance by the obligor. No demand was necessary, as Richmond had already conveyed to other parties. The other defendants, the holders of the legal title, admit the record of the bond, and therefore notice of the plaintiffs' interest. Under this state of the case we think

the plaintiffs were *prima facie* entitled to a decree. There is, it is true, a discretion in courts of equity whether to decree a specific performance, or to remand the party to his action for damages for breach of contract, and this though the existence of the contract be beyond doubt, and its terms clear. An unfair advantage, a gross inadequacy of consideration, are either of them sufficient to justify the exercise of this discretion, and prevent a decree. Yet these things are matters of defense. In *Wedgwood v. Adams*, 6 Beav., 605, Lord Langdale said, "I conceive the doctrine of the courts to be this, that the court exercises discretion in cases of specific performance and directs a specific performance unless it should be what is called highly unreasonable to do so." And Sir William Grant, in *Hall v. Warren*, 9 Ves., 608, said: "Supposing the contract to have been entered into by a competent party, and to be in the nature and circumstance of it unobjectionable, it is as much of course in this court to decree a specific performance as it is to give damages at law." There is nothing in this case tending to show any bad faith or unfairness in the contract, or any inadequacy of consideration, and hence we think the plaintiffs were *prima facie* entitled to a decree, and the demurrer to the evidence was improperly sustained. The judgment of the district court will be reversed, and the case remanded for a new trial.

All the Justices concurring.