## B. C. WHITFORD v. MARY E. HORN.

TITLE BY GIFT, *Sufficient to Maintain Replevin against Administrator of Donor; Personal Judgment for Costs against Administrator.* N., being solvent, gave a watch to H., a little girl, and placed it in her possession, requesting her to wear it in remembrance of him. Some months thereafter her father persuaded her to let N. take the watch and keep it for her until she was old enough to take care of and wear it. While thus holding the watch N. made no claim to it, as his, spoke of it to the party who afterward became his administrator as the watch of H., and in his last sickness directed that it be delivered to her. Nearly two years after the gift, N. died, insolvent, the watch still being in his possession. His administrator took possession of the watch as property of the estate. Demand having been duly made, H. brought replevin for it. The administrator answered, disclaiming any personal rights in the matter, but alleging that he held it as the property of the estate: *Held*, that a judgment in favor of H. for the possession of the watch, and against the administrator for the costs, was correct; and that whether the administrator could thereafter recover these costs from the estate depended upon the *bona fides* of the defense.

### *Error from Franklin District Court.*

MARY E. HORN, by her next friend, brought replevin against *Whitford*, and had judgment, at the March Term 1876 of the district court, for a return of the property replevied, and for costs. *Whitford* brings the case here. The opinion contains a statement of the facts.

*John W. Deford,* for plaintiff in error.

*W. Littlefield,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: Action of replevin for a watch. Defense, general denial, and claim that the watch belonged to estate

of I. Nicklisson, of which defendant was administrator.
The testimony is not preserved, and the case is before us
upon the pleadings and findings. Judgment was rendered
in favor of the plaintiff, and of this, defendant, as plaintiff in
error, now complains. And first, he claims that upon the
facts found, and admitted by the pleadings, judgment should
have been in his favor. We think not. The court finds,
that in the autumn of 1873, Nicklisson gave the
watch to plaintiff, a girl then about twelve years
of age, delivered it into her possession, requesting her to keep
it and wear it in remembrance of him; that some months
thereafter her father induced her to let Nicklisson, who was
an old man, have the watch to take care of for her until she
should become old enough to have the care of and wear it;
that Nicklisson never claimed the watch after his gift, spoke
of it to defendant as Mary Horn's watch, and during his last
sickness directed the delivery of it to her, and that at the
time of the gift Nicklisson was solvent. Possession by Whit-
ford, and demand by plaintiff, were also found.

*Statement of facts.*

What more was necessary? That the title passed by the
gift accompanied by delivery of possession, is clear. Nick-
lisson being then solvent, the gift could not be
set aside by creditors as void against them. Nor
does the finding of the condition of Nicklisson's estate, mili-
tate with the finding of his solvency nearly two years prior
to his death. He might have had an abundance of property
then, and lost or squandered it all before his death. The
judgment awarding her the possession of the watch was
right.

*Title—gift, followed by possession.*

Again, defendant claims that no judgment should have
been rendered against him individually for the costs, as in
his answer he disclaimed any property, or right of pos-
session, in his private capacity, but claimed it
only as administrator of Nicklisson's estate. We
think the judgment must stand as it is. He was in the
actual possession of the watch, and refused to surrender it to
the owner when demanded. She had the right to recover

*Administrator; personal liabil-ity for costs.*

the possession from him as the party in actual possession; and in an action for the recovery of specific personal property, costs are allowed of course to the successful party. (Gen. Stat. 746, § 589.) Section 587 applies to cases where there is a full disclaimer. When that is made, there is no need of further litigation. But here, though defendant disclaimed any personal interest, he nevertheless retained possession, and asserted the right thereto as administrator. Perhaps too the court thought that the fact that Nicklisson spoke of it to him as Mary Horn's watch, and directed in his last sickness that it be delivered to her, was a sufficient reason under that section for charging him personally with the costs. Whether the costs thus paid by defendant can afterward be allowed as a claim against the estate, will depend upon his good faith in making the defense. If made with full knowledge of plaintiff's title, and without reasonable warrant therefor, he cannot charge the estate; but if made in good faith, and in honest and reasonable belief that the property belonged to the estate, he may; but that is a question which can be settled in the probate court.

The judgment will be affirmed.

All the Justices concurring.