### W. J. JONES *et al.* v. ALICE L. KERR.
#### No. 10527.

DEED OF GIFT—*takes effect from delivery to third person for
donee.*   Where a father executes a deed for valuable lands to his
daughter as a gift, and delivers it unconditionally to his son for
her, her acceptance of the deed will be presumed, and it will ordi-
narily take effect from the time of the delivery to the son.

Error from Lyon District Court.   W. A. Randolph,
Judge.   Opinion filed March 5, 1898.   *Affirmed.*

*C. B. Graves*, for plaintiffs in error.

*H. R. Pebbles* and *L. B. & J. M. Kellogg*, for defend-
ant in error.

ALLEN, J.  W. J. Jones brought a suit in the Dis-
trict Court of Lyon County against T. E. Lewis, a
resident of Chicago, to recover $8000, which he
claimed Lewis owed him.   Writs of attachment were
issued and levied on the lands in controversy in this
case, situate in Lyon and Chase counties.   Judgment
was rendered in favor of the plaintiff in that action,
and the sheriffs of Lyon and Chase counties were pro-
ceeding under writs issued to them to sell the land to
satisfy the judgment.   Thereupon Alice L. Kerr com-

menced this suit in the District Court of Lyon County against Jones and the sheriffs to enjoin the sales. She claimed title to the land under deeds executed to her by T. E. Lewis, her father, on the 2d of January, 1893. The attachments were not levied until June 13 and 14. Her deeds were recorded on June 17.

The only question in this case is whether there was such a delivery of the deeds before the levy of the attachments as was necessary to vest the title in Mrs. Kerr. The evidence shows that Thomas E. Lewis resided at Wheaton, Illinois; that Alice L. Kerr, his daughter, resided in Nebraska; that on the second of January, Lewis executed the deeds under which Mrs. Kerr claims the lands now in controversy, as well as deeds for other property to other daughters, and delivered them all to Edward J. Lewis, his son, with directions to give them to the grantees. After the execution of these deeds Mr. Lewis still owned property, worth at least $100,000, and owed no other debts.

Where a grantor executes a deed to land as a gift and delivers it to a third person for the grantee, the acceptance of the deed will be presumed, and it will ordinarily take effect from the time of delivery to such third person. This rule is very generally applied in cases of voluntary gifts and advancements by parents to their children. *Douglass v. West*, 140 Ill. 455; *Winterbotton v. Pattison*, 152 id. 334; *Crabtree v. Crabtree*, 159 id. 342; *Church v. Gilman*, 15 Wend. 656; *Hinson v. Bailey*, 73 Ia. 544; *Ball v. Foreman*, 37 O. S. 132; *Brown v. Westerfield*, 47 Neb. 399, 66 N. W. 439. This proposition of law is not controverted by counsel for plaintiff in error, but he contends that the evidence fails to show such a delivery as the law requires. On this question of fact the court found in favor of the plaintiff below, and the evidence is sufficient to sustain the finding. Mr. Lewis testified that he gave

the deeds to his son for his daughter, Alice, with the direction to give them to her; that he thereafter had nothing more to do with them. The deeds were produced at the trial, and introduced in evidence by her attorneys. They had previously been placed on record. The other facts shown in evidence and commented on by counsel were proper to be considered in determining whether a delivery was in fact made, but are not conclusive in their character, and are insufficient to warrant a reversal of the finding of the trial court on the question of fact. The suggestion that the question as to the delivery is to be determined from the deposition of Lewis and that this court is not bound by the finding of the trial court does not aid the plaintiff in error, for his testimony shows a good delivery under the law as laid down in the authorities cited. The same rule has been applied in this state to the case of the delivery and acceptance of a chattel mortgage. *National Bank v. Ridenour*, 46 Kan. 718, 27 Pac. 150.

The judgment is affirmed.