JAMES E. PRATT AND AMANDA J. PRATT v. PORTER S. COOK.

No. 763.* (62 Pac. 438.)

1. ACTION ON FORTHCOMING BOND — *Consideration* — *Pleading.* In a suit upon a forthcoming bond, the law imports a consideration therefor and the validity of the execution under which the levy was made need not be pleaded or proven in the first instance.

* Petition for order to certify denied by supreme court December 3, 1900.—REP.

2. ——— *Defense—Conduct of Sheriff.*  It is no defense in such an action to prove that the sheriff agreed with the signers of such bond that it could be considered that he still had the constructive possession of the property levied on.

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed October 6, 1900.  Affirmed.

*Wm. R. Hazen,* for plaintiffs in error.

*W. E. Fagan,* and *Galen Nichols,* for defendant in error.

The opinion of the court was delivered by

WELLS, J.:  On September 24, 1898, the Easterly Harvesting Machine Company caused an execution to issue out of the district court of Shawnee county upon a judgment in its favor against J. E. Pratt, and the defendant in error, as sheriff of said county, by his under-sheriff, W. H. Williams, levied the same upon certain live stock and corn growing in the field.  A forthcoming or redelivery bond was given, signed by said J. E. Pratt and his wife, Amanda J. Pratt, and the property left where it was when levied on.  A notice was duly published for the sale on October 12, 1898, of the property levied on, and notice given the signers of the bond.  At the time advertised for the sale a demand for said property is claimed to have been made and said demand refused.  Suit was afterward brought by the sheriff on the bond before a justice of the peace, judgment thereon obtained, an appeal taken to the district court, a trial had to a jury, and a judgment again rendered in favor of the plaintiff.  To reverse this the case is brought to this court.

The first question is :  Did the bill of particulars upon which the case was tried state facts sufficient to constitute a cause of action ?  The bill of particulars shows that the judgment was rendered by the justice

of the peace on September 1, 1890, a transcript thereof filed in the district court September 24, 1898, and on the same day the execution was issued. It is therefore claimed that the judgment had been dormant for a long time before the transcript was taken to the district court, as appears from the bill of particulars, and therefore no evidence should have been admitted. This was an action for a recovery under the conditions of a bond, and if there was no valid judgment upon which the execution could have been legally issued it would affect the bond only as an absence of consideration. Under our statute a contract in writing imports a consideration, and the lack of consideration in such cases is an affirmative defense. See section 6, chapter 114, General Statutes of 1897 (Gen. Stat. 1899, § 1146); *Waynick v. Richmond*, 11 Kan. 488; *Roller v. Ott*, 14 id. 609. There was no error in overruling the objection to the introduction of evidence.

Was the sheriff's return properly admitted in evidence? We think it was. It was a record required by law to be made, and it does not seem to be any more specific than the facts as claimed by the plaintiff below would seem to require.

The remaining assignments of error can all be considered together, as they each involve the validity of the main theory of the defense. Is it a defense to an action upon a redelivery bond to show that the sheriff agreed to a fiction that he should be considered to be in possession of property of which he was not in possession, so as to relieve the obligors from liability upon their bond? This seems to us to be the only question in the case.

If these plaintiffs in error were liable upon the bond, it was their duty to deliver the property to the sheriff upon demand, and it was not the duty of the

sheriff to hunt up the property and take possession of it without their consent. That they understood that a demand was being made upon them therefor, there can be no question. We cannot see that the pretended replevin suit, in which the property was attempted to be constructively delivered by a deputy who did not have the same to a person who had no authority to take it, cuts any figure in this case, so we come back to the question : Were the fictitious changes of possession of the property alleged and attempted to be proven by these plaintiffs in error a valid defense to an action upon the bond? We think not. The law makes it the duty of the sheriff to take the possession of the property levied on unless a forthcoming bond is given him. His powers and duties are fixed by law and he has no right or authority in the matter except such as is given him by the law, and his acquiesence in the vague theories of the plaintiffs in error could not defeat the rights of the judgment creditor. As bearing somewhat on the question at issue, see *Peterson v. Woollen*, 48 Kan. 770, 30 Pac. 128. The judgment of the district court is affirmed.