HENRY C. VAN CLEEF, as Administrator, etc., of CAROLINE E. DAKIN, Deceased. Respondent, *v.* CHARLES M. MAXFIELD, Appellant.

Second Department, May 6, 1921.

Gifts — action by administrator to recover alleged loan — defense that money was gift — acceptance of gift may be made after delivery — evidence raising question of fact — trial — directed verdict.

In an action by an administrator to recover certain alleged loans made by her intestate to the defendant wherein the defense interposed was that the money was given to the defendant and not loaned to him, it appeared that at the time of the transactions and thereafter the relationship of the intestate and the defendant was close and friendly; that when the intestate paid the money in question to the defendant she did not take any evidence of the loan though she wished the defendant to understand that the money was loaned to him and he received it in that belief; that as shown by intestate's subsequent declarations she did not in fact intend the money received by the defendant to be a loan but intended it as a gift

and subsequently told defendant that she had given the money to him and he then accepted it as a gift.

*Held*, that it was not necessary for defendant's acceptance to be contemporaneous with the delivery of the money to him, and as the gift was for his benefit, his acceptance may be presumed from his acquiescence when the intestate subsequently informed him of her intentions.

Since the nature of the transaction was left in doubt by the fact that the intestate took no evidence of the alleged loans, her subsequent declarations that the money was intended as a gift was sufficient to raise a question of fact and may determine that a gift and not a loan was made to the defendant, and it was, therefore, improper to direct a verdict in favor of the plaintiff.

In determining whether a verdict was properly directed, the test to be applied is: was there upon the evidence any question of fact to be submitted to the jury.

APPEAL by the defendant, Charles M. Maxfield, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 29th day of June, 1920, on the verdict of a jury rendered by direction of the court after a trial at the Kings County Trial Term.

*Joseph F. Murray* [*Harry A. Redmond* with him on the brief], for the appellant

*Alden S. Crane,* for the respondent

MILLS, J.:

The action was brought by the plaintiff administrator to recover from the defendant sixteen alleged loans by decedent to him between October, 1911, and April, 1915, aggregating the sum of $32,081, with interest. The defendant's second amended answer, upon which the case went to trial, admitted that he, defendant, received from the decedent the said several sums of money, but alleged that the same were gifts and not loans, and further that thereafter the decedent gave them to him, meaning apparently that subsequently she forgave him the several debts. At the end of the trial the defendant elected to stand upon his plea of original gift; and the plaintiff, abandoning the alleged eighth cause of action, which was for the sum of $6,500, moved that a verdict be directed in his favor for the full amount of the other alleged causes of action, and that motion was granted over

Second Department, May, 1921.          [Vol. 196

defendant's exception, and a verdict directed for plaintiff for $25,581 principal and $10,282.59 interest, making a total of $35,863.59. Defendant at once asked to go to the jury upon his plea of gift, but that motion was denied over his exception.

The question presented by this appeal is, therefore, simply this: Was such direction warranted? The test to be applied is elementary, viz.: Was the plaintiff's case established beyond any question, or, in other words, was there upon the evidence any question of fact to be submitted to the jury?

There appears in the record to be no controversy in the evidence, except perhaps as to what inferences may be drawn from the facts proven. Before stating those facts it may be well to recall that the case has been before this court upon two previous occasions. It was first tried before Mr. Justice JAYCOX, with the result that he directed a verdict for plaintiff upon the ground that there was no evidence of delivery to constitute a gift. The answer then alleged merely the subsequent gift, i. e., the cancellation of the original indebtedness. Upon appeal here we affirmed the judgment; but, evidently being doubtful but that there might be real merit in defendant's claim, we in our decision (186 App. Div. 906) stated " that the defendant should be permitted to make an-application at the Special Term to open the judgment and amend the answer to plead a gift, as he may be advised." Thereafter, upon our such suggestion, defendant applied at Special Term to amend his answer so as to allege an original gift. That motion was granted, and we, upon appeal, affirmed the order granting it. (190 App. Div. 913.) It is perhaps significant that our memorandum stated that the affirmance of the part of the order which permitted the plea, as a second defense, of subsequent forgiveness of the debt was " upon the supposition that defendant may be able to produce evidence upon that branch of the case in addition to that adduced upon the former trial." That would seem to have been a pretty broad intimation that we regarded defendant's evidence upon the former trial as tending to establish an original gift. That intimation, however, as will later herein appear, seems not to have been appreciated by the presiding justice at the

last trial. That was had upon the answer so amended as to plead both original gift and a subsequent one by way of cancellation, but as above stated the defendant, for some reason not apparent to me, at the end of the trial elected to stand upon the former plea and contention alone, that is, of original gift.

At that, the last trial, the evidence was as follows. Decedent was a widow with no descendant or dependent. Defendant's mother was her younger sister and had been practically brought up by the decedent after the early death of their mother, she having acted thereafter almost as a mother to the younger sister. The defendant and his brother were near and dear to the decedent. She visited defendant's family frequently, but she was at variance with her other relatives for many years. Her relations with defendant's mother and her family were very friendly and she was especially fond of the defendant. She furnished him money with which to start in business. It was clearly established, and indeed undisputed, that from time to time as alleged in the complaint she furnished him with the several sums of money therein stated. She left at her death about $40,000 outside of the claims here in suit. It was also clearly proven that when she made the several payments to the defendant she wished him then to understand that they were loans and so spoke of them to him at the time, and that he then received them in that belief. Hence there can be no doubt that when plaintiff's case rested it stood fully proven. The claim of defendant at the trial was, and here is, that while decedent at the time of the advances wished defendant to understand them to be loans, she really intended them to be gifts; and finally, some months before her death, advised the defendant of that fact and told him that they were gifts, and that he then and there with due gratitude accepted them as such. He introduced as evidence to establish his claim the testimony of several persons to declarations by decedent to that effect. Of course he was by section 829 of the Code of Civil Procedure debarred from testifying. That testimony by the others may be summarized as follows:

The last advance was made on April 26, 1915. Defendant's

father testified that in November, 1915, some six months after the last advance, decedent said to defendant in the witness' presence that she had given to him all the moneys that she had loaned him, that he did not owe her anything.

Ida Maxfield, who is no blood relation of the parties, testified that decedent told her that the moneys she had furnished to defendant were gifts, although she had allowed him to think that they were loans, because thinking so might " spur him on to further effort; * * * because it would make him more ambitious," and that she said that as late as Christmas, 1915.

Louise P. Arnold, not appearing to be a relative of the parties but evidently a close friend of defendant's mother, gave substantially the same testimony as the previous witness.

In granting plaintiff's motion to direct a verdict, the learned trial justice made certain comments which indicate that he considered that the evidence was sufficient to sustain the plea of gift, except as to the element of defendant's acceptance; but that he concluded that the defense of gift had failed because there was not sufficient proof of defendant's acceptance, in that it was clear that when he received the moneys he understood them to be loans. In this conclusion I think that the trial justice was mistaken. If the evidence, specially that given by defendant's mother, was credited it was, in connection with the other evidence above recited, enough, at least in my judgment, to establish that from the first the decedent had intended the moneys to be gifts and had, merely to stimulate her nephew's ambition and efforts, at the time represented them to him as loans. As the gifts were for his benefit, his acceptance may readily be presumed. Certainly that may be presumed from his acquiescence when she, in his father's presence, told him they they were gifts and not loans as he had understood. I perceive no reason why defendant's acceptance of the gifts as such need to have been cotemporaneous with the delivery, or why that acceptance may not have been manifested subsequently. Moreover this view appears to me to agree with the authority of the case of *Doty* v. *Willson* (47 N. Y. 580). In that case the father had delivered money to his son and taken no note, bond or other evidence of indebtedness therefor, and the son had

taken the money, understanding it to be a loan. Subsequently the father told the son that it was a gift. The surrogate found upon trial incidental to the accounting that it was a gift; but the General Term upon appeal held otherwise and reversed. (5 Lans. 7.) The Court of Appeals, however, reversed the General Term and held that the evidence if credited might be sufficient to establish a gift. As that evidence had been given by the defendant himself, a new trial was ordered. The opinion upon that point said: " The learned judge who delivered the opinion of the court below is undoubtedly correct in the rule of law that if the defendant, at the time the money was delivered, then became the debtor of the testator, and that it was so intended by both parties, a mere parol declaration afterward would not transform the debt into a gift; but I do not think that this rule should be applied to this case, so as to definitely determine the rights of the parties. It is not claimed that a debt can be thus changed into a gift. A release or surrender of the evidence of the debt, or some act, as the destruction of the note, bond, or other evidence of debt, seems to be regarded as necessary. But when money is delivered, as in this case, from father to son, and no writing is made, and no evidence of debt taken, and under circumstances rendering it uncertain as to whether it was intended as a loan or gift, and not inconsistent with either, then a distinct declaration to the donee, made afterward, that it was intended as a gift, may have the effect, not of changing it; but of determining which it was. To make a valid gift *inter vivos* there must be a delivery with the intention of making the gift, but I do not understand that any form of words is necessary to be observed at the time to constitute a good gift. If the circumstances clearly evince the intention, it is sufficient; and if these are equivocal, an explicit declaration afterward of that intention is competent." (47 N. Y. 583.) In *Beaver* v. *Beaver* (117 N. Y. 421) the opinion indicates clearly that a subsequent declaration by the alleged donor to the alleged donee when the apparent transfer was intended by him from the first to be a gift might be sufficient proof. I think that the trial justice was misled by the general definitions of what constitutes a gift. Doubtless to make that both delivery and acceptance as such must

be established; but there is no sort of reason why the two acts must be simultaneous, or that the intent must at the moment be mutual. In this case it is evident, as it was in the *Doty Case* (*supra*), that decedent took from defendant no note or other written evidence of indebtedness, as none was produced at the trial. Of course we are not concerned here with the weight of the evidence and have not to consider how far the recent decisions of the Court of Appeals have served to modify, if at all, the former supposed rule for weighing evidence by proof of a decedent's declarations to establish a claim against the estate.

Therefore, I advise that the judgment appealed from be reversed and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., RICH, PUTNAM and KELLY, JJ., concur.

Judgment reversed and new trial granted, with costs to abide the event.