**MILLER, Alien Property Custodian, et al. v. HERZFELD.**

(Circuit Court of Appeals, Third Circuit. February 26, 1925.)

No. 3197.

1. **Gifts ☞47(2)—Making of gift vests title in donee, subject to repudiation.**

Though acceptance of gift may not be enforced, making of gift vests title in donee, subject to repudiation, where it remains until repudiated.

2. **Gifts ☞4—Intent to deliver, transfer and acceptance essential to valid gift.**

Intent to make delivery and transfer of thing given and acceptance by donee are essential to valid gift.

3. **Gifts ☞47(1)—Subsequent declarations of alleged donor may be invoked to show nature of transaction, alleged to constitute gift.**

Doubt as to whether gift was intended may be determined by subsequent declaration of alleged donor, showing nature of transaction.

4. **War ☞12—Claimant of property as gift from his brother, an enemy alien, held entitled to recover it from Alien Property Custodian.**

Where brokers, holding property for German subject, on receipt of radiogram in February, 1917, directing transfer of account to owner's brother, transferred such account, and the brother, on advice of counsel, reported such property as held in trust for the German subject, but in proceedings under Trading with the Enemy Act, § 9 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), such German subject testified that gift was intended, complainant *held* entitled to recover.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Proceeding under Trading with the Enemy Act, § 9, by Felix Herzfeld against Thomas W. Miller, as Alien Property Custodian, and Frank White, as Treasurer, of the United States. Judgment for complainant, and defendants appeal. Affirmed.

Walter G. Winne, U. S. Atty., of Hackensack, N. J., and Dean Hill Stanley and Adna R. Johnson, Jr., both of Washington, D. C., for appellants.

Harrison & Roche, of Newark, N. J. (Joseph H. Choate, Jr., of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This is an appeal from a final decree adjudging that certain property held by the Alien Property Custodian belonged to Felix Herzfeld, and directing the plaintiffs in error, defendants below, to transfer and deliver the property to him.

Joseph Herzfeld was born in Germany, but became an American citizen and was admitted to practice law at the bar of the state of New York in January, 1881. He practiced for a while, but subsequently went to Germany, became a German citizen, and a member of the Reichstag. He had considerable property, consisting largely of stocks and bonds, in the United States, which was held by the New York brokerage firm of Herzfeld & Stern. "Herzfeld" was his brother, Felix Herzfeld. On February 6, 1917, three days after the severance of diplomatic relations between the United States and Germany, Joseph Herzfeld sent the following radiogram to Herzfeld & Stern: "Transfer account Felix." The firm transferred the account on their books, held for Joseph Herzfeld, to Felix Herzfeld. After the United States entered into the war with Germany, and it became necessary to report property held for alien enemies, Felix Herzfeld consulted counsel as to what he should do with the property transferred to him pursuant to the radiogram. He had nothing to indicate the intention of his brother, except the radiogram. Counsel advised him to report it as held in trust for his brother until the contrary appeared. This he did. Subsequently, upon demand, he transferred and delivered the property to the Alien Property Custodian.

After the war, Felix Herzfeld, in accordance with the provisions of section 9 of the Trading with the Enemy Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½e), filed with the Alien Property Custodian a notice under oath of his claim to the property and instituted suit in the District Court to establish his title to it. Joseph Herzfeld testified that it was his inten-

tion, in sending the radiogram, to make an absolute gift of the property to his brother; that it was his, and no one else had any interest in or title to it. The court decreed that the property belonged to Felix Herzfeld and directed that it be transferred to him. The defendants appealed from that decree.

The defendants contend that, assuming that Joseph Herzfeld intended to give the property to his brother, his intentions failed, because it was not accepted before it was seized by the Alien Property Custodian; that the beneficial ownership of the property was therefore, at the date of the seizure, in Joseph Herzfeld, and acceptance afterward cannot give title to Felix Herzfeld.

[1] It has long since been firmly established in England that, while a man may not be made to accept a gift which he does not desire to possess, yet, when the gift has been made, it vests in him, subject to his repudiation, and remains vested until he repudiates it. Standing v. Bowring, 31 Chancery Division, 282, 286. This rule has been followed with practical uniformity in the United States. Jones et al. v. Kerr, 59 Kan. 179, 181, 52 P. 429; Bangs v. Browne, 149 Mich. 478, 482, 112 N. W. 1107; In re Bell's Estate, 150 Iowa, 725, 729, 130 N. W. 798.

[2, 3] In order to constitute a valid gift, there must be, first, an intention on the part of the donor to make a delivery or transfer of the thing given to the donee; and, second, an acceptance. It is not necessary, however, that the acceptance be contemporaneous with the gift in order that title may pass. When there is doubt as to whether or not the transfer was intended as a gift, the subsequent declarations of the alleged donor may be sufficient proof to show the nature of the transaction. Doty v. Willson, 47 N. Y. 580; Beaver v. Beaver et al., 117 N. Y. 421, 428, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531; Van Cleef v. Maxfield, 196 App. Div. 734, 739, 188 N. Y. S. 322.

[4] Whether or not as a final fact Joseph Herzfeld intended the transfer of this property as an absolute gift, in which he has no interest, present or future, may be questioned, but that he so testified may not be questioned, and there is nothing to impeach his testimony. Felix Herzfeld did the perfectly natural thing in consulting counsel as to what to do with the securities transferred to him, and his counsel, in view of all the circumstances, advised him wisely. He did not assume absolute ownership of the property, but he was always willing to accept it as a gift, and has done so. It has not been shown that the learned District Judge com-

mitted error. The testimony, on the contrary, indicates, if it does not force the conclusion, that the transfer constituted a gift, and that title passed to Felix Herzfeld at the time of the transfer, and was in him when the property was seized by the Alien Property Custodian. He is therefore entitled to immediate possession of it.

The decree of the District Court is affirmed.