## CORN EXCHANGE BANK, v. MILLER, Alien Property Custodian, et al.

(District Court, S. D. New York. August 17, 1926.)

**1. War ⬅️12—Nonenemy trustee, to whom enemy-owned property was conveyed after seizure by Alien Property Custodian, held not entitled to sue therefor under statute (Trading with the Enemy Act, § 9(a), as amended [Comp. St. § 3115½e]).**

Where enemy-owned property, after seizure by Alien Property Custodian, was conveyed to nonenemy bank in trust for other nonenemies, *held*, trustee could not maintain suit for such property, under Trading with the Enemy Act, § 9(a), as amended by Acts June 5, 1920, and March 4, 1923 (Comp. St. § 3115½e), relating only to actions to · recover property seized without warrant of law. ,

**2. War ⬅️12—Trustee for nonenemy pre-war donees of German-owned property, who did not have possession, held entitled to sue under Trading with the Enemy Act, § 9(a), as amended (Comp. St. § 3115½e).**

Where nonenemy pre-war donees of German-owned property, after declaration of peace, conveyed such property in trust for themselves and their children, trustee could sue, under Trading with the Enemy Act, § 9 (a), as amended by Act June 5, 1920, and Act March 4, 1923 (Comp. St. § 3115½e), to recover the property from Alien Property Custodian, though donees did not have possession before seizure.

**3. Courts ⬅️347.**

Allegation of pre-war gift of enemy property to nonenemy *held* not defective for failure to set out details, which might be supplied by supplemental bill or bill of particulars under equity rules 19 and 20.

**4. Courts ⊙�források351½.**

Facts properly pleaded are taken as admitted on motion to dismiss complaint, though bill may be dismissed for insufficiency under equity rule 29.

**5. War ⊙⟷12—Trust deed given by nonenemy pre-war donees of German-owned property held not assignment of claim against the United States, as affecting trustee's right to sue (Trading with the Enemy Act, § 9 [a], as amended [Comp. St. § 3115½e]).**

Where nonenemy pre-war donees of German-owned property, after declaration of peace, conveyed such property in trust for themselves and their children, *held*, such trust deed was not an assignment of a claim against the United States as affecting right of trustee to sue under Trading· with the Enemy Act, § 9 (a), as amended by Act June 5, 1920, and Act March 4, 1923 (Comp. St. § 3115½e), to recover the property as seized by Alien Property Custodian without warrant of law.

In Equity. Bill by the Corn Exchange Bank against Thomas W. Miller, Alien Property Custodian, and another. On motion to dismiss amended complaint. Motion denied.

Laughlin, Gerard, Bowers & Halpin, of New York City (Spotswood D. Bowers, of New York City, of counsel), for plaintiff.

Emory R. Buckner, U. S. Atty., of New York City (Dean Hill Stanley, Sp. Asst. Atty. Gen., of counsel), for defendants.

HAZEL, District Judge. This is a motion to dismiss the amended complaint, on the grounds mainly that upon its face it is shown that plaintiff has no interest, right, or title to the properties specified in the bill, money and property that is now in the possession or under the control of the defendants as Alien Property Custodian and Treasurer of the United States, pursuant to its seizure during the World War, and generally that the allegations are insufficient to constitute a cause of action under section 9 (a) of the Trading with the Enemy Act, as amended by 41 Stat. 977, and 42 Stat. 1511 (Comp. St. § 3115½e).

The property in question, consisting of an amount of money and shares of stock in an American corporation, ·was seized in February, 1918, as the property of Ernest Koerting; an enemy residing in Germany, and it is alleged in the bill that on November 25, 1919, after seizure of the enemy property, the latter executed a deed of trust granting to plaintiff, a nonenemy, his right, title, and interest therein for the benefit of Louis Doelling, of New Rochelle, and Helene Koerting Fischer, of Philadelphia, neither of whom were enemy aliens, and also that, before war was declared between Germany and the United States, Ernest Koerting, for valuable consid-

eration, conveyed the property seized by the Custodian to Helene Koerting Fischer and Louis Doelling, who were nonenemies and residents of this country, and that after the declaration of peace the latter executed a deed of trust of the seized property to the plaintiff. Both trust conveyances required division of the property into two parts. Provision is made for the payment of the income in installments to Louis Doelling and Helene Koerting Fischer; the remainder on their death to pass to their children. It is alleged that Ernest Koerting, the enemy, died in Germany on January 4, 1921, leaving a last will and testament, and that afterwards the persons entitled to share in his estate entered into an agreement or settlement by which all the seized money and property was recognized as the property of plaintiff under the trust deed of Ernest Koerting, except as to certain stock in the Schutte &' Koerting Company, an American corporation, and moneys owing from the company to the transferrer for dividends and loans which were awarded by the settlement to the children, four in number, of Helene Koerting Fischer.

[1] The prayer of the bill is for a transfer to plaintiff trustee by the Alien Property Custodian of the described property. In opposition it is urged that, inasmuch as the property seized was owned by an enemy, no trust conveyance to plaintiff, executed by him after the seizure, affected the prior right of possession of the defendants, and that said trust deed of November 24 constitutes an evasion of the Trading with the Enemy Act, which specifically provides by section 12 that seized property of an alien enemy shall be settled as Congress shall direct.

Section 9 (a) of the Trading with the Enemy Act substantially permits bringing suit in equity after filing notice of a claim by any person, not an enemy or ally of an enemy, claiming any interest, right, or title in any money or other property which may have been seized or paid over to the Custodian to establish his right, title, or interest therein. It will be noticed that the recitals of the bill disclose a dual claim of title, namely, by the deed of trust first mentioned and the trust conveyance at the termination of the war from Louis Doelling and Helene Koerting Fischer.

It is argued that under the deed of trust following the seizure by the Custodian there is no reversion of the money and stock seized to any enemy, but that its intendment was solely for the use of nonenemies residing in this country. Plaintiff's theory is that un-

der no possibility does the trust conveyance provide any comfort or aid to the enemy and therefore it was not a disposition prohibited by the act under consideration, and that the purpose of the act was to impound the property of an alien enemy seized during the war to prevent its use by the opposing forces. Discussion as to this aspect of the question is believed unnecessary by reason of prior adjudications, especially Munich Reinsurance Co. v. First Reinsurance Co. of Hartford (C. C. A.) 6 F.(2d) 742, and Behn Meyer Co. v. Miller, 266 U. S. 457, 45 S. Ct. 165, 69 L. Ed. 374, wherein section 9 (a) was interpreted to relate only to actions for the recovery of seized property by persons whose property was taken by the Custodian without warrant of law, leaving to subdivision (b) the right of action to certain enemies whose property had been legally taken by the Custodian. In the Behn Meyer & Co. Case the Supreme Court carefully examined the scope of section 9 and its various amendments, and ruled that subdivision (a) plainly reserved to claimants who were nonenemies the right to sue and recover property mistakenly sequestered, and in the Munich Reinsurance Co. Case, Circuit Judge Rogers, writing for the Circuit Court of Appeals of this circuit, emphatically declared that acts of the Alien Property Custodian respecting enemy-owned property were equivalent to acts of an absolute owner "the enemy owner retaining no rights therein," the court said at page 747: "But only a right, after the end of the war to have his rights settled as 'Congress shall direct,' and which, as we have said, Congress has not yet directed."

These decisions apparently dispose of the right of plaintiff to maintain this action, solely under rights secured by virtue of the trust deed of the enemy. To be sure, the plaintiff is not an enemy or ally of an enemy; but, in my opinion, Ernest Koerting could give no greater right to sue and recover the seized property than Congress saw fit to bestow. Section 9 (a) gave him no such right, and plaintiff had no interest whatever in the property before its seizure, and accordingly it was not mistakenly or wrongfully deprived of any existent rights or equities. In the case of United States v. Securities Corporation General, 55 App. D. C. 256, 4 F.(2d) 619, the court dealt with seized property said to be owned by the Imperial German Government, and the action was brought by a citizen corporation having notes against the Imperial German Government, issued before the war; but it was held that the Trading with the Enemy Act contained no exceptions with relation to seized property by which, after seizure, it might be transferred to an American citizen. The principle of that case has a bearing by analogy to the case at bar.

[2] The allegation in the complaint of a conveyance to Helene Koerting Fischer and Louis Doelling by Ernest Koerting, prior to the existence of a state of war between Germany and the United States, rests upon a different principle. It is contended that the conveyance was in the nature of a gift by the owner to his daughter and stepson residing in the United States. Upon that question, I think, plaintiff, under the deed of trust (Exhibit B) is entitled to his day in court. The right of action is based upon property rights which are enforcible under section 9 (a) of the Trading with the Enemy Act. It is true there is no agreement of delivery by the donor to effectuate the gift, but there nevertheless may be evidence relating to the conduct of the parties by which a delivery or the elements of a gift may be proven. It would make no difference, in my opinion, if the equitable title continued in Ernest Koerting during the war, since the property seized, under no conceivable circumstances, could inure to either his benefit or to the benefit of the enemy.

The case of Miller v. Herzfeld (C. C. A.) 4 F.(2d) 355, seems to me to completely cover this point in principle. In that case a gift of certain property or chattels possessed in this country was proven to have been made by a German citizen to his brother, a nonenemy, residing here after diplomatic relations between the countries were severed. The enemy brother had radioed from Germany, transferring to him a brokerage account, and when war was declared the brokerage account, or moneys realized therefrom, were voluntarily turned over to the Custodian, and when the war was ended the brother brought suit under section 9 (a) to recover the seized property, and at the trial he established the gift to him. It is true the court held that the gift became effective before the declaration of war, but the mere fact that plaintiff in this case, or the grantors, did not have actual possession of the property before seizure, or equities therein, does not materially differentiate this case from the case cited, assuming, of course, that the gift or conveyance was prior to the war.

[3, 4] It is urged in opposition that the allegation relating to the asserted pre-war gift is defective for failure to set out the details upon which it is based; but this objection may be overcome, either by supplemental

bill, or a more particular nature of the claim, or by bill of particulars. See equity rules 19, 20. The rule is that facts properly pleaded are taken as admitted, and, though a bill may be dismissed for insufficiency (see equity rule 29), I am disinclined to apply this rule, since any defect in this particular may be remedied by provision in the order to be entered herein.

[5] It is also objected that the trust deed (Exhibit B) attached to the bill is equivalent to an assignment of a claim against the United States, and that plaintiff has no right to sue. But I am unable to adopt this view, since no claim against the United States is asserted. The right of action arises under section 9 (a) to recover seized property that was not owned by the enemy, but which is claimed to be owned at the time of seizure by American citizens, and through them plaintiff has obtained an interest in the property and a right to sue for its recovery. No right of action, however, as heretofore pointed out, is given plaintiff under the conveyance (Exhibit A), although the writing may bear upon the prior conveyance or gift.

The motion to dismiss the complaint is denied, leaving open to defendants the right to strike out irrelevant matters, or to move for sufficiency, or definiteness, or bill of particulars, as they may be advised. So ordered.