*735 OPINION.
Lansdon :
The pleadings and proof advanced at the hearing establish all the facts pertinent to this controversy. The only question for us to determine is whether the amounts received by the assignees were income directly to them or whether it was in the first instance income to Paulson and by him given to his children after the receipt thereof. Did the “Assignments of Royalty ” divest Paulson of all ownership in the conveyed property and the right to receive income therefrom or were they merely agreements providing for the passing on of certain parts of the assignor’s income to the assignees as and when received?
It is clear that Paulson was the owner of a right to receive royalty and rentals as set forth in the lease. That right was property and whether it was in fact an interest in realty or personalty is not material, since it was of such a nature that it was transferred by written instruments which were made of record in the books of the Register of Deeds of Butler County, Kansas. By the execution of the “Assignment of Royalty ” he transferred to each of the assignees all his rights, title and interest in one-eighth of such property. No pro *736 cedure in connection with the production of oil, gas or other mineral from leased lands is more usual or frequent than the subdivision and transfer by sale or otherwise of royalty interests. Even if such transfers were gifts, they were absolute and irrevocable, since the execution, delivery and recording of the evidence thereof was a full compliance with the rule that a gift is complete when delivery is made. Whitford v. Horn, 18 Kans. 455; Hersey v. Robson, 121 N. Y. S. 167; Wing v. Merchant, 57 Me. 383.
The fact that Paulson, as trustee, received the income flowing from the transferred property in no way casts any doubt on the assumption that the effect of the delivery of the instruments was to completely divest Paulson of any property right in the subject matter transferred. Barnhouse v. Dewey, 83 Kansas 12. It is our opinion that after March 7, 1918, each'of the assignees owned an interest in the property in question and was entitled to receive all income resulting from its exploitation for oil and gas. That ownership and the rights flowing therefrom were enforceable against the assignor and the operating lessees, if questioned in the courts of Kansas. Jones v. Kerr, 59 Kans. 179; 52 Pac. 429. The provision in the “Assignment of Royalty” that the assignees were to receive their several portions of the production from the lease only as produced, to our minds relates to the time when demands might be made for payments and not at all to rights in the property or to receive income therefrom.
Reviewed by the Board.

Judgment will be entered for the petitioners.

Sternhagen, Teammell, Green, Arttndell, and Mtjkdock dissent.