MARY J. HIATT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27081. Promulgated April 21, 1931.

*H. L. Washington, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has determined the deficiency here involved on the theory that the leases in question were the property of this petitioner and that, therefore, any income resulting from the sales thereof is taxable to her. The petitioner contends that by the execution of certain instruments in the form of oil and gas leases to her daughters prior to the sale of such leases to operating companies her daughters Nora A. Hiatt and Lulu B. Hiatt became the absolute owners of such leases and, therefore, the recipients of any income resulting from the sales thereof.

Lulu B. and Nora A. Hiatt are the daughters of the petitioner and each was more than 21 years of age at the dates material here. Under the laws of Kansas each was competent to enter into a binding contract with her mother.

The leases in controversy are in the ordinary form of oil and gas leases used in Kansas and evidence the customary considerations as their basis. In the circumstances here the consideration recited in the instruments under the laws of Kansas is presumed to be adequate. Revised Statutes of Kansas, ch. 16, sec. 107; *Waynich v. Richardson*, 11 Kans. 488. The assignments conform to the trade custom of the oil business and the laws of Kansas. If the subject matter of the various transfers was an interest in real estate, all legal requirements

have been satisfied. There is an evidentiary writing, reciting consideration, and each instrument has been recorded in the books of the county in which the property is located. The presumption of delivery raised by such registration is sufficient to establish the fact of transfer unless it is rebutted by proof. *Neil* v. *Neil*, 65 Kans. 858; 69 Pac. 162; *Slattings* v. *Newton*, 110 Ga. 875; 36 S. E. 227. If nothing more than personal property was involved, proffer, acceptance and delivery is amply evidenced by the instruments in question and the assignments thereof to operating companies by petitioner's daughters.

In the light of evidence here it is hardly necessary to discuss the respondent's contention that there was no valid gift of the properties in question. There are many decided cases in the reports of the Kansas Supreme Court affirming the validity and the irrevocability of gifts made in similar circumstances. In the case of *Jones* v. *Kerr*, 59 Kans. 179; 52 Pac. 429, the Court said:

> Where a father executes a deed for valuable lands to his daughter as a gift and delivers it unconditionally to his son for her, the acceptance of the deed will be presumed, and it will ordinarily take effect from the time of the delivery to the son. This rule is very generally applied in cases of voluntary gifts and advancements by parents to their children. * * * The same rule has been applied in this state to the case of delivery and acceptance of a chattel mortgage. Citing *National Bank* v. *Ridenour*, 46 Kansas, 718, 27 Pac. 150.

In *M. J. Sullivan*, 2 B. T. A. 1012, the Board held that profit from the sale of a lease assigned by a husband to his wife resulted in no taxable income to the husband. That decision is controlling in the circumstances herein. Cf. *J. T. Liggett*, 5 B. T. A. 169; and *William I. Paulson et al., Executors*, 10 B. T. A. 732.

The material evidence adduced at the hearing consists of copies of the five leases in question and the assignments thereof by lessees to the operating companies, all duly certified by the register of deeds of Cowley County, Kansas, as true copies of the instruments recorded in the books of that office. Counsel for respondent concedes that identification of such documents so certified is complete, but contends that they are not admissible, or, if admissible, are not competent to prove the transfers therein set forth. Unless impeached by adverse testimony, we think such evidence is competent and material for the purposes for which it was offered.

*Decision will be entered under Rule 50.*