FRED E. COLLINS v. ANGELO G. SMITH ET AL. and JULIA SCHLOESSER, INTERVENER, Appellant.

**Dower:** ANTENUPTIAL CONVEYANCE. A widow is not entitled to dower in land conveyed by her husband to his children just prior to their marriage, where the conveyance was made with her knowledge and consent.

**Deeds:** DELIVERY. If from all the circumstances it is apparent that the grantor in a deed intended by his acts to pass a present title, and all parties so treated it, there may be a sufficient delivery although the grantee never had manual possession of the deed.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

THURSDAY, OCTOBER 21, 1909.

ACTION for the partition of lands. Julia Schloesser intervened, alleging that, as the widow of Julius Schloesser, the former owner of said lands, she had a dower right

therein.   She appeals from a judgment against such claim.
—*Affirmed.*

*R. S. Barr* and *Shortley & Kelley,* for appellant.

*White & Clarke,* for appellee Fred E. Collins.

*A. H. McVey,* for appellee Adeline Knight.

SHERWIN, J.—The plaintiff brought this action for
the partition of land, alleging that he was the owner of an
undivided one-half interest in about two hundred acres;
that he derived his title thereto by deeds from Julius
Schloesser, Albert Schloesser and August Schloesser, who
were sons of Julius Schloesser, deceased; that the said
deceased, prior to his death, executed and delivered to
said sons and his other children, Herman Schloesser,
Clara Smith and Adeline Knight, a deed conveying to
the said children the real estate sought to be parti-
tioned, share and share alike, subject, however, to a life
estate in himself.   It was further alleged that Herman
Schloesser had conveyed his interest in said land to the
defendant Angelo G. Smith, who, together with his co-de-
fendants, Clara Smith and Adeline Knight, each owned one-
sixth of said land.   The defendants made no contest, but the
appellant, Julia Schloesser, intervened, claiming as against
all of the other parties to the suit, that she was the absolute
owner of a one-third interest in the land in controversy as
the widow of said Julius Schloesser, deceased.   She also
alleged that she was married to the said deceased on the
14th day of January, 1900; that the deed conveying the
land in question to his children was made on the 11th day
of January, 1900, which was long after their engagement
and the day that deceased procured a license to marry her.
Intervener pleaded further that the said deed was never de-
livered to said children nor accepted by them, and that the

plaintiff had full notice and knowledge of her marital rights in said land at the time of his purchase thereof; and further, that the deed was secretly made with the fraudulent purpose and intent of depriving intervener of her statutory interest in said land. But two questions need be discussed in determining the rights of the parties: First, was the deed from Julius Schloesser to his children made with the knowledge and consent of the intervener? Second, was there sufficient delivery and acceptance thereof to pass the title to the land?

I.  At the time of his marriage to the intervener Julius Schloesser was a widower about sixty-five years of age. The intervener was forty-five years old, and had never been married. In addition to the land conveyed to his children he owned property of the value of $2,000 or $3,000, and the appellant owned forty acres of valuable land and some other property. The life estate reserved by the grantor was worth from $600 to $800 per year. A careful reading of the record convinces us that the deed in question was made with the full knowledge and consent of the intervener, and for the purpose of carrying out a plan that had been partly executed a few days before the death of the first wife in 1897. The positive testimony of several witnesses is to this effect, and there are circumstances of weight which support such testimony. The deed in question was at once recorded at the instance of the grantor, and was then returned to him, and remained in his possession until his death in June, 1908. According to the appellant's own testimony, she knew that the deed had been made and recorded at least six years before her husband's death. She knew that the children were claiming to own the land described therein, and that they were asserting the right to sell and convey their interest in it, and there is evidence tending to prove that she knew of the conveyance to plaintiff long before her husband's death. In 1908 she joined her husband in

*1. DOWER: antenuptial conveyance.*

the conveyance of other real estate, and, so far as the record before us discloses, no word of protest against the conveyance to the children was ever uttered by her. These circumstances, and the positive testimony to which we have referred, leave no serious question in our minds as to her consent to the conveyance to the children.

II.   Nor do we think there can be any serious question as to there being a sufficient delivery of the deed to pass the title to the children.   Delivery is largely a question of

2. DEEDS: intent; and, if from all the circumstances it delivery. appears that the grantor intended by his acts to pass present title, there may be a sufficient delivery, although grantees have never had manual possession of the deed.   If it were intended to pass title, and all parties so treated it, the delivery was sufficient.   The deed itself shows an intent to pass present title, for it says: "I hereby make said conveyance subject to the following reservation, to wit: I hereby expressly reserve the possession, right of possession, use, rents and profits of said real estate for and during my natural life."   Surely, if a present delivery was not intended, the language quoted was wholly unnecessary.   Moreover, the conveyances to the plaintiff were made shortly after the deed to the children was recorded, and after consultation with the grantor as to the right of the children to sell.

The decree of the District Court is right, and it is *affirmed*.